**Bryant R. BRITT, Plaintiff-Appellant,**

v.

**SIMI VALLEY UNIFIED SCHOOL DISTRICT: John W. Duncan; George Hawkins; Robert Marcus; Allen Jacobs; Kenneth Ashton; Frederick Riess; Viola Brooks; Lewis Roth; Stephen Hogg; Sandra Binns; Helen E. Carrico; and David McCamy, Defendants-Appellees.**

No. 81–5284.

United States Court of Appeals, Ninth Circuit.

June 13, 1983.

---

Bryant R. Britt, in pro. per.

Linda Hamlin, McKay & Byrne, Los Angeles, Cal., Spray, Gould & Bowers, Ventura, Cal., for defendants-appellees.

Before WRIGHT, ALARCON, and REINHARDT, Circuit Judges.

## ORDER DENYING PETITION FOR REHEARING

Because the lateness of the Petition for Rehearing was the result of representations by court personnel, we grant the motion to enlarge the time for filing of the petition. Our previous order denying the petition is withdrawn.

■ Britt brought a civil rights action under 42 U.S.C. § 1983, challenging his dismissal from his teaching job. A magistrate recommended that appellees' motion to dismiss be granted. He concluded that Britt's failure to exhaust administrative remedies precluded suit. The parties filed no objections to the recommendation and the district court dismissed the action. Appellees contend that Britt waived any right to appeal the court's decision below by failing to object to the magistrate's recommendation. We disagree.

Under 28 U.S.C. § 636(b)(1)(B) (Supp. V 1981), a judge may designate a magistrate to submit proposed findings of fact and recommendations for the disposition of a motion to dismiss. The statute provides,

> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings

and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1) (Supp. V 1981).

The language of the statute does not indicate that failure to object to a magistrate's recommendation will be an absolute bar to appeal from the district court's decision. *See Lorin Corp. v. Goto & Co.,* 700 F.2d 1202, 1206 (8th Cir.1983); *Nettles v. Wainwright,* 677 F.2d 404, 407 (5th Cir. 1982) (en banc) (Unit B); *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981). *Contra Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604–05 (1st Cir.1980). It specifies only that a judge shall make a de novo determination of findings or recommendations to which objection has been made.

We find no indication elsewhere that failure to object should be treated as a waiver of the right to appeal. The legislative history of the section does not show Congressional intent that failure to object should absolutely bar appeal. *See Lorin,* 700 F.2d at 1206. Proposed Federal Rule of Civil Procedure 72, which will govern magistrates' recommendations, includes no provision that failure to object will constitute a waiver of appeal. 51 U.S.L.W. 4505 (May 3, 1983). The rule was announced April 28, 1983, and will take effect August 1, 1983 unless action is taken by Congress before that date. *See* 28 U.S.C. § 2072.

In Congressional hearings on the Federal Magistrates Act, witnesses expressed fear that Congress would improperly delegate to magistrates duties reserved by the Constitution to Article III judges. *See Mathews v. Weber,* 423 U.S. 261, 269, 96 S.Ct. 549, 553, 46 L.Ed.2d 483 (1976). The Act's sponsors made it clear that magistrates remain subject to the supervision of the district judges and that the authority for making final decisions remains at all times with the judge. *See id.* at 270, 96 S.Ct. at 554.

■ Under § 636(b)(1)(B) the authority and the responsibility to make an informed, final determination rests with the judge. *United States v. Raddatz,* 447 U.S. 667, 682, 100 S.Ct. 2406, 2415, 65 L.Ed.2d 424 (1980). The delegation of duties to the magistrate does not violate Article III if the ultimate decision is made by the district court. *Id.* at 683, 100 S.Ct. at 2416.

■ The court's power to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" exists whether objections have been filed or not. *Lorin,* 700 F.2d at 1206. The district court must decide for itself whether the magistrate's report is correct. Without this judicial review, the magistrate's performance of the inherently judicial act of granting a motion to dismiss would be constitutionally suspect. *See United States v. Saunders,* 641 F.2d 659, 663 (9th Cir.1980), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981); *Lorin,* 700 F.2d at 1206.

This court has held that a district court with responsibility to make an ultimate decision based on a magistrate's recommendation under § 636(b)(1)(A) should consider the legal issues involved. *Campbell v. United States District Court,* 501 F.2d 196, 206 (9th Cir.), *cert. denied,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974). We also have held that, in a § 636(b)(1)(B) proceeding, failure to object to a magistrate's findings of fact waives the right to contest those findings on appeal. *McCall v. Andrus,* 628 F.2d 1185, 1187, 1189 (9th Cir.1980), *cert. denied,* 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981).

■ The Fifth and the Eighth Circuits have held that failure to file objections does not waive the right to appeal the district court's conclusions of law. *Nettles,* 677 F.2d at 405; *Lorin,* 700 F.2d at 1207. We agree. Supervision by the district court means nothing if purely legal issues decided by the magistrate are not reviewed routinely.

We disagree with the Sixth Circuit's conclusion that a rule of absolute waiver of appeal is necessary to achieve Congress' goal of reducing the workload of district court judges. *See Walters,* 638 F.2d at

949–50. Waiver of the right to judicial review of magistrates' findings of fact produces substantial saving of time and effort.

It is significant that Congress did not include a waiver provision in the statute. We are not willing to conclude that the failure to file objections renders a magistrate's recommendation a final and unassailable judicial decision.

The only substantive issue in this appeal was whether failure to exhaust administrative remedies precludes a § 1983 suit. This was the controlling legal issue below and must have been considered by the district court. The question was properly before us for review.

Appellee argues that Britt consented to dismissal by filing a "Notice of Plaintiff that he will not Oppose Defendants' Motion to Dismiss his Complaint [at a hearing] on March 14, 1980." Later Britt filed a memorandum of points and authorities in support of his civil rights claim, and moved for a preliminary injunction.

The district court did not treat that notice as a consent to dismiss, and we shall not do so now. We interpret the notice as a waiver of oral argument on the motion to dismiss. That was its only effect.

The petition for rehearing is denied.