972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene James HUTCH, Plaintiff/Appellant,
v.
James J. KIM, et al., Defendant/Appellee.
 No. 91-15864.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 24, 1992.
Decided Aug. 6, 1992.
 
 Before CANBY, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The present appeal involves a pro se civil rights action brought by Eugene Hutch against James Kim, an Adult Corrections Officer at Oahu Community Correctional Center ["OCCC"], and Jo Ayers, a Unit Team Manager at OCCC, under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1), the district judge designated a magistrate to preside over pretrial matters and to submit proposed findings of fact and recommendations for the disposition of dispositive motions. The present action was consolidated with several other actions filed by Hutch, and the defendants moved for summary judgment in this action. The magistrate recommended that the district judge grant the motion.
 
 
 3
 Under 28 U.S.C. § 636(b)(1), Hutch was entitled to file written objections to the magistrate's proposed findings and recommendations within ten days after being served with a copy of the magistrate's report. The objections that Hutch filed were filed late; moreover, he objected only to the magistrate's findings regarding two of the cases consolidated with the present action. Although the district judge considered Hutch's untimely objections, because Hutch did not object to the magistrate's findings regarding the present case, he adopted the magistrate's proposed findings in this case in full. Hutch timely appeals.
 
 
 4
 The Supreme Court has held that, as a legitimate exercise of their supervisory power, federal courts may validly impose a rule that a party that fails to object to the magistrate's report and recommendation waives the right to contest it on appeal. See Thomas v. Arn, 474 U.S. 140, 147 (1985). We have not adopted such a rule: in this circuit, a party that does not object to a magistrate's report waives its right to challenge the magistrate's factual findings but retains its right to appeal his conclusions of law. See Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir.1991) (citing Britt v. Simi Valley Unified School District, 708 F.2d 452, 454 (9th Cir.1983)). Whether summary judgment is appropriate is a matter of law that is reviewed de novo. See Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir.1989). No factual findings are involved. Therefore, we may entertain Hutch's appeal and determine the validity of the district court's grant of summary judgment.
 
 
 5
 Hutch raised three issues in his complaint. First, he alleged that the defendants unlawfully disciplined him by "writing him up" as retaliation for earlier civil rights actions he had filed. The disciplinary reports submitted by Hutch reflect that he was legitimately punished for his violation of prison regulations. In response, Hutch submitted only unsupported conclusory allegations that these write-ups were in retaliation for his decision to exercise his constitutional right of access to the courts. No facts sufficient to raise a genuine issue of material fact were set forth. Accordingly, the district court did not err by granting summary judgment to the defendants on that issue.[1]
 
 
 6
 Second, Hutch alleged that the defendants violated his constitutional right of access to the courts. In particular, Hutch contended that he was denied access to the law library, although he later added that he was denied adequate paper and notary service as well.[2] "It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). Inmate access to the courts must be "adequate, effective, and meaningful" in order to meet constitutional strictures. Id. at 822. "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." Id. at 824-25. In addition, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828.
 
 
 7
 Hutch does not contend that he was entirely deprived of paper, notarial services, or access to the law library: he claims only that his access was constitutionally inadequate. "The existence of an adequate law library does not provide for meaningful access to the courts if the inmates are not allowed a reasonable amount of time to use the library." Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (1985) (citing cases). "However, the Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used. The fact that an inmate must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts." Id. (citations omitted). OCCC rules provide that an inmate may have up to six hours of access to the law library per week. The magistrate (in a report adopted by the district court) found that the undisputed facts showed that Hutch had 10 visitations scheduled for the month of July and that he missed only one. Further, Hutch submitted voluminous legal documents in the district court and appeared to have had no difficulty raising his legal claims due to lack of paper or access to the library. Although the record showed that notary services were not always given "at the very moment" that Hutch requested them, the magistrate concluded that Hutch had not been prejudiced by the incidental delay in receiving them. In short, Hutch's contention that he was unable to use the law library on a particular day or days is insufficient to raise a genuine issue of material fact with respect to his claim that he was denied meaningful access to the courts. We therefore affirm the district court's holding that the defendants did not deprive Hutch of that constitutional right by scheduling inadequate access to the law library or providing inadequate paper or notarial services.
 
 
 8
 Finally, Hutch asserts in his complaint that the defendants deprived him of access to the law library and other facilities on the basis of his race. If the defendants in fact denied Hutch equal access to prison facilities because he is an African-American, their actions would have violated his constitutional right to equal protection of the laws even if (as here) the deprivation did not amount to a denial of his right of meaningful access to the courts. However, Hutch offered insufficient facts tending to show racial bias to defeat a motion for summary judgment. Although Hutch claimed that other prisoners were given slightly more access to the law library than he was, the defendants' affidavits declared that any disparity was due to random scheduling practices or the facially neutral practice of giving inmates with "docketed" cases a higher priority in the scheduling system. Hutch's assertion that he was discriminated against on the basis of race is unsupported by facts, is based on conclusory allegations, and is insufficient to survive the defendant's motion for summary judgment. Accordingly, we affirm the district court's decision that for summary judgment purpose "there is a lack of evidence to support an allegation of invidiously discriminatory animus behind the alleged defendant conspirator['s actions]."
 
 
 9
 In addition to the three allegations raised in his complaint, Hutch asserted in his opposition to the defendant's motion for summary judgment that he had been denied various federal constitutional rights because the defendants (1) forced him to cut his hair in violation of his religious beliefs, (2) refused to place him on a pork-free diet, (3) denied him medication, and (4) denied him access to a Bible. Although we interpret the pleadings of pro se litigants liberally, no reasonable interpretation of Hutch's complaint can encompass those four claims. Despite that fact, the district court apparently attempted to address them on the merits. The magistrate's recommended resolution of those claims (subsequently adopted by the district judge) stated as follows:
 
 
 10
 In several instances, plaintiff's grievances were handled internally by prison authorities. To wit: he was placed upon a pork free diet when necessary paper work was accomplished; An administrative error in providing him medication was corrected; the prison chaplain did provide a bible. Several of his complaints had little or no merit and certainly did not involve constitutional violations.
 
 
 11
 The magistrate's report thus appears to have resolved three of the four added claims, but probably not the fourth--the forced haircut claim. Nevertheless, we will not review any of them here.
 
 
 12
 Ordinarily, we will not consider claims that are not raised in the plaintiff's complaint. See Fuller v. Frank, 916 F.2d 558, 563 (9th Cir.1990); Ferris v. Santa Clara County, 891 F.2d 715, 718 (9th Cir.1989), cert. denied, 111 S.Ct. 141 (1990); Hutchinson v. United States, 838 F.2d 390, 394-95 (9th Cir.1988); see also Brogan v. San Mateo County, 901 F.2d 762, 765 (9th Cir.1990) (noting general rule and exceptions); People of the Territory of Guam v. Okada, 694 F.2d 565, 570 n. 8 (9th Cir.1982), amended, 715 F.2d 1347 (1983), cert. denied, 469 U.S. 1021 (1984) (same). In the present case, we see no reason to depart from that general rule, nor do any of the exceptions to the rule appear to apply. Although the district court apparently considered these issues on the merits,[3] the defendants did not discuss any of them in their motion for summary judgment, in their reply to Hutch's opposition to that motion, or in any of the papers filed below. We believe that the four claims discussed by Hutch and the magistrate but not raised by Hutch's complaint are not part of Hutch's action and are not properly before us on appeal: we therefore decline to determine the validity of the district court's determinations regarding those claims. Cf. Campbell v. Trustees of Leland Stanford Jr. University, 817 F.2d 499, 505-07 (9th Cir.1987) (rejecting claim that complaint should have been conformed to the evidence presented in the case).
 
 
 13
 As to the claims raised in Hutch's complaint, we affirm the district court's grant of summary judgment.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Here, the grant of summary judgment is based not on the deficiency of the allegations contained in Hutch's complaint, but upon his failure to support those conclusory allegations with facts after he had been given the opportunity to do so. Hence, the requirement that a district court provide a pro se litigant with notice of the deficiencies in his or her complaint and the opportunity to amend the complaint to remove those deficiencies prior to dismissal, see Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987), provides no basis for reversal of the district court's judgment
 
 
 [2]
 The latter allegations were only discussed--and even then, tangentially--in Hutch's opposition to the defendant's motion for summary judgment. "The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987) (quoting Boag v. MacDougall, 454 U.S. 364, 365 (1982)). Liberally construed, Hutch's complaint raised the latter issues in its allegation that the defendants deprived him of his right of "access to the courts". Our finding in that regard is supported by the fact that the magistrate (and, in turn, the district court) considered those claims to have been raised and discussed their merits
 
 
 [3]
 Whether or not that is the case is unclear. As noted, the magistrate's recommendation did not mention one of Hutch's claims, and made only sporadic comments with respect to the others. The district judge adopted the magistrate's recommendation without any changes or substantive comments. In such a situation, we are hesitant to decide that the district court in essence permitted Hutch to "constructively amend" his complaint to raise these additional issues or to hold that the district court's grant of summary judgment was meant to dispose of these issues in addition to those properly raised in the plaintiff's complaint