993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene J. HUTCH, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS; John Doe Guard, et al.,
Defendants-Appellees.
 No. 90-16426.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 18, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hawaii state prisoner Eugene J. Hutch appeals pro se the district court's dismissal under 28 U.S.C. § 1915(d) of his 42 U.S.C. § 1983 action against prison officials. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A party that does not object to a magistrate judge's report waives the right to challenge the magistrate judge's factual findings but retains the right to challenge the magistrate judge's conclusions of law. See Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir.1991).
 
 
 4
 Here, Hutch alleges that he never received the magistrate judge's report and recommendation and was unable to file an objection because he was out on bail and the prison officials did not forward his mail to him.[1] The record shows, however, that the magistrate judge's report and recommendation was served on Hutch on August 15, 1990 and that he did not file an objection to the report. Accordingly, although Hutch has waived his right to challenge the magistrates factual findings, we may entertain his appeal and determine the validity of the district court's dismissal of Hutch's complaint as frivolous under section 1915(d). See Britt v. Simi Valley Unified School District, 708 F.2d 452, 454 (9th Cir.1983).
 
 
 5
 We review for abuse of discretion the district court's dismissal of an action as frivolous under 28 U.S.C. 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 6
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under section 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or fact." Id. at 325. Accordingly, the district court may dismiss a complaint that is based on meritless legal theory, or factual contentions that are clearly baseless. Id. at 327. In civil rights actions, however, where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). "An indigent plaintiff with an arguable claim is entitled to issuance and service of process." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 7
 Here, Hutch alleges that he was denied breakfast twice, called names by a prison guard, not given the correct religious diet on one occasion, and that he did not receive regular mail delivery on four occasions. These claims lack an arguable basis in law. Accordingly, the district court did not abuse it's discretion by dismissing Hutch's complaint as frivolous. See Neitzke, 490 U.S. at 324.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hutch alleges for the first time on appeal that he did not receive the magistrate judge's report and recommendation. With some exceptions not relevant here, factual issues not presented to the district court cannot be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991)