996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pablo GARCIA-PENA, Defendant-Appellant.
 No. 92-30305.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 17, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pablo Garcia-Pena appeals his conviction following entry of a guilty plea to distributing heroin in violation of 21 U.S.C. § 841(a)(1) and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Garcia-Pena contends that the district court erred by denying his motion to dismiss the indictment on double jeopardy grounds. The government contends that Garcia-Pena waived review of the issue by failing to object to the magistrate's report on the motion to dismiss and by pleading guilty to the charges in the indictment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Here, Garcia-Pena was indicted in Idaho state court and charged with delivering heroin on July 24, 1990 in the County of Canyon. Garcia-Pena was convicted following entry of a guilty plea. Subsequently, Garcia-Pena was indicted in federal court and charged with two counts: distributing heroin and carrying a firearm in relation to a drug trafficking offense on July 24, 1990 in the County of Canyon. Garcia-Pena moved to dismiss the federal indictment on double jeopardy grounds. The district court directed the magistrate judge to hear the motion, and the magistrate judge recommended that the district court deny the motion. Garcia-Pena did not file objections to the magistrate's report and later pleaded guilty to the charges.
 
 
 4
 We review Garcia-Pena's double jeopardy claim because his failure to object to the magistrate's report and his guilty plea did not result in waiver of the issue on appeal. See Britt v. Simi Valley Unified School District, 708 F.2d 452, 454-455 (9th Cir.1983) (failure to file objections to magistrate's findings or recommendations does not waive a defendant's right to appeal the district court's conclusions of law); United States v. Cortez, 973 F.2d 764, 767 (9th Cir.1992) (defendant's plea of guilty does not waive subsequent claim of double jeopardy). Nonetheless, because separate sovereigns can prosecute crimes arising out of the same acts without violating the Double Jeopardy Clause and Garcia-Pena did not allege a "sham" prosecution, the district court did not err by denying Garcia-Pena's motion to dismiss the indictment. See United States v. Traylor, 978 F.2d 1131, 1132 (9th Cir.1992), cert. denied, 113 S.Ct. 1958 (1993) (under dual sovereignty doctrine, successive prosecutions by separate sovereigns for crimes arising out of the same acts are not barred by the Double Jeopardy Clause); United States v. Figueroa-Soto, 938 F.2d 1015, 1019 (9th Cir.1991), cert. denied, 112 S.Ct. 1181 (1992) (exception to the dual sovereignty doctrine where either the prosecution by the state or federal government acts as "a tool, a sham or a cover" for the other government).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3