**DIVERSIFIED METAL PRODUCTS, Plaintiff,**

v.

**T–BOW COMPANY TRUST, Internal Revenue Service, and Steve Morgan, Defendants.**

**No. 93–405–E–EJL.**

United States District Court, D. Idaho.

Oct. 25, 1994.

L.D. Crockett, trustee, T–Bow Co. Trust, Midvale, UT.

Richard R. Ward, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for I.R.S.

Steve Morgan, pro se.

## ORDER ADOPTING REPORT AND RECOMMENDATION

LODGE, Chief Judge.

On September 29, 1994, United States Magistrate Judge Mikel H. Williams issued a Report and Recommendation, (Dkt. # 29) recommending the following: (1) that plaintiff's motion for dismissal, impleader order, and dismissal of counterclaim be granted in part and denied in part; (2) that defendant T–Bow Trust Company's counterclaim be dismissed without prejudice; (3) that plaintiff Diversified be dismissed as a party to this case; and (4) that plaintiff Diversified's motion for attorney fees and costs be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the parties had ten days in which to file written objections to the Report and Recommendation. None of the parties has objected to Judge Williams' recommendation. Exercising de novo review of the matter, this court may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*

Because this court finds the Report and Recommendation of Judge Williams to be well-founded in law and supported by the record, the court hereby accepts in their entirety, and adopts as its own, the findings and conclusions made by Judge Williams. Acting on the recommendation of Judge Williams, and this court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Judge Williams' Report and Recommendation entered on September 29, 1994, (Dkt. # 29) should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that plaintiff's motion for dismissal, impleader order, and dismissal of counterclaim be **GRANTED**

John M. Ohman, Cox, Ohman & Brandstetter, Idaho Falls, ID, for Diversified Metal Products.

IN PART AND DENIED IN PART, as set forth in the magistrate's Report and Recommendation; that defendant T–Bow Trust Company's counterclaim be **DISMISSED WITHOUT PREJUDICE**; that plaintiff Diversified be **DISMISSED** as a party to this case; and (4) that plaintiff Diversified's motion for attorney fees and costs be **DENIED WITHOUT PREJUDICE.**

### REPORT, RECOMMENDATION AND ORDER

WILLIAMS, United States Magistrate Judge.

This matter is before the Court for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and District Judge Lodge's Order of Reference of March 15, 1994. Currently before the Court are (1) Plaintiff's Motions for Plaintiff's Dismissal, Impleader Order, and Dismissal of Counterclaim (Dkt. # 6), filed January 13, 1994; (2) Defendant Steve Morgan's (hereinafter "Morgan") Motion for Discovery Production of Documents (Dkt. # 8), filed January 27, 1994; (3) Defendant T–Bow Company Trust's (hereinafter "T–Bow") Motion for Discovery of Documents (Dkt. # 11), filed January 27, 1994; and (4) Defendant Internal Revenue Services's (hereinafter "IRS") Motion to Disqualify Lonnie D. Crockett as Trustee (hereinafter "Mr. Crockett"). A hearing was originally set in this Matter for May 18, 1994. Defendant Morgan moved for a continuance of this hearing due to his daughter being injured in an auto accident. The Court responded by vacating the original hearing and setting a new hearing for September 8, 1994. Prior to that hearing, Defendant Morgan called and indicated that he would not be able to attend. In order to avoid prejudice to the other parties, the Court elected to hold the hearing on September 8, 1994, but scheduled a continuance for September 26, 1994, in order that Defendant Morgan have a chance to appear and argue in the matter.

After the September 8, 1994, hearing, the Court entered an order excusing Plaintiff Diversified Metal Products (hereinafter "Diversified") from further appearance in the case while Plaintiff's Motion for Dismissal was under advisement.

### RECOMMENDATION

#### I. Background

Plaintiff's "Complaint for Impleader" [sic] was originally filed in the Seventh Judicial District of the State of Idaho, in and for Bonneville County, on September 8, 1993. The IRS removed the matter to this Court by Notice of Removal on October 19, 1993.

According to the Complaint, Plaintiff Diversified is a steel and metal fabricator, doing business in Idaho Falls. Defendant T–Bow is an independent contractor. Defendant Morgan is an agent of T–Bow and has performed services for Diversified. Evidently, the contractual relationship between Morgan, T–Bow, and Diversified has broken down.

By letter dated September 1, 1993, T–Bow (through Mr. Crockett) demanded payment from Diversified,[1] a sum which Diversified admits owing. The letter also threatens suit against Diversified for its failure to pay.

On August 30, 1993, however, the IRS filed three Notices of Federal Tax Liens against Steven and Koreen Morgan. Diversified claims that these liens have been filed against monies which belong to Diversified,[2] but to which Morgan and/or T–Bow may be entitled. The monies at issue have been deposited with the Clerk of the Court, in the form of checks from Diversified in the amounts of $504.00 and $345.60, respectively.[3]

Diversified asks that the named Defendants be required to present their claims to the Court and that a judicial determination be made as to the party entitled to the monies. Diversified also seeks its attorney fees for having to bring this action, and asks that the Court dismiss it from this case.

---

1. *See* Complaint for Interpleader, Exhibit A.

2. *Id.,* Exhibit B.

3. *Id.,* Exhibit C.

The United States filed its Answer and Claim on November 19, 1993, and raises several defenses: (1) Diversified is not entitled to an award of attorney fees or costs that would diminish the government's recovery; (2) the IRS is not a proper defendant, and the United States should be substituted; (3) the government has not waived its sovereign immunity to this suit; (4) Diversified's Complaint should be dismissed for insufficient service of process on the United States; and (5) the Complaint fails to state a jurisdictional basis for suit.

The United States also raises a claim against Morgan, pursuant to 26 U.S.C. §§ 7401 and 7403. A delegate of the Secretary of the Treasury has made several assessments of unpaid personal income taxes against Steven and Koreen Morgan.

The first assessment was in the amount of $516.50, for the taxable period ending December 31, 1988. Notice of and demand for payment was given to Steven and Koreen Morgan pursuant to 26 U.S.C. § 6303, and the Notice of Federal Tax Lien was filed with the Madison County Recorder in Rexburg, Idaho, on August 30, 1993.

The second assessment was made against Defendant Morgan in the amount of $2,565.21, including penalties and interest, for the taxable period ending December 31, 1989. Notice of and demand for payment was given to Defendant Morgan in accordance with Section 6303, and the Notice of Federal Tax Lien was filed with the Madison County Recorder on August 30, 1993.

The third assessment was made on May 31, 1993, against the personal income of Defendant Morgan, in the amount of $2,393.28, for the taxable period ending December 31, 1990. Notice of and demand for payment was given according to Section 6303, and the Notice of Federal Tax Lien was filed with the Madison County Recorder on August 30, 1993.

The government contends that despite notice and demand, Defendant Morgan has failed to pay the taxes assessed and there remains owing to the United States the sum of $5,474.99, plus accrued interest, penalties, and other statutory additions.

On August 3, 1993, the IRS served a Notice of Levy on Defendant Morgan's employer, Diversified, to which the federal tax lien attaches. The IRS claims that it has priority to the interpleaded fund in the amount remaining after satisfaction of the claims of competing claimants to the fund who are entitled to priority over the United States. The IRS asks the Court for the following relief: (1) to enter judgment and to decree that the United States has valid and subsisting liens in the amount of $5,474.99, plus accrued interest, penalties, and other statutory additions; (2) to determine the rights, titles, and interest of the parties to the fund; and (3) to grant costs to the United States.

## II. Diversified's Motion for Plaintiff's Dismissal, Impleader Order, and Dismissal of Counterclaim.

By way of its Motion for Plaintiff's Dismissal, Impleader Order and Dismissal of Counterclaim (Dkt. # 6) filed January 13, 1994, Diversified asks the Court to determine that the dispute in this case is between the government and Morgan/T–Bow, to dismiss Diversified from this action, to dismiss Defendant T–Bow's Counterclaim, and to award Diversified attorney fees and costs.

Defendant T–Bow apparently filed a Counterclaim in state court after this case had been removed to federal court by the IRS.[4] However, this Counterclaim was never properly filed in this Court, and there is not a copy of it in the Court's docket. For this reason, dismissal without prejudice of the Counterclaim is appropriate.[5]

■ T–Bow and Morgan oppose dismissal of Diversified, at least until after the Court has convened a hearing. These Defendants claim that Diversified has misrepresented the facts, and they apparently feel they need to rebut Diversified's "allegations and testimony in person at a hearing before this Court."

---

**4.** *See* United States' Response at 2–3 (Dkt. # 12).

**5.** Defendant T–Bow may wish to refile its state court counterclaim in this Court as a third party complaint against Diversified, once Diversified has been dismissed as a Defendant from the case.

However, a hearing has now been held in this matter and Defendants T–Bow and Morgan have failed to provide the Court with any reasons why Plaintiff Diversified should remain a party to this suit. Plaintiff Diversified has deposited the monies with the Court that are the subject of the Defendants' competing demands, and there does not now appear to be any good cause for Plaintiff Diversified to remain a party to this action. Therefore, dismissal of Diversified as a party to this action is appropriate.

The government does not oppose Diversified's dismissal, but does object to any award of attorney fees in Diversified's favor. The government takes the position that an award of attorney fees and costs would impermissibly drain the interpleader fund before the United States' tax liens are satisfied.

 The Ninth Circuit has recognized that courts generally have discretion to award attorney fees to a disinterested stakeholder in an interpleader action. *Gelfgren v. Republic Nat. Life Ins. Co.,* 680 F.2d 79, 81 (9th Cir.1982). However, the existence of prior federal tax liens gives the government a statutory priority to Plaintiff's claim for an award of attorney fees to the interpleader funds. *Abex Corp. v. Ski's Enterprises, Inc.,* 748 F.2d 513, 516 (9th Cir.1984). The existence of prior tax liens also gives the United States a statutory priority over attempts to diminish the fund by an award of costs. *Bank of America Nat'l Trust & Sav. Assn. v. Mamakos,* 509 F.2d 1217, 1219–20 (9th Cir. 1975).

In *Abex,* the Court concluded that the tax lien statutes, IRC §§ 6321 and 6322, establish a clear priority to interpleader funds in favor of the government. The court pointed out that both the Eighth and Tenth Circuits have held that the "governmental priority established under the tax lien statutes precludes an award of fees to the plaintiff stakeholder from an interpleader fund when such an award would deplete the fund prior to total satisfaction of the lien." *Abex,* 748 F.2d at 517.

The *Abex* court cited *Millers Mutual Ins. Ass'n v. Wassall,* 738 F.2d 302 (8th Cir.1984), which reversed an attorney fee award to a plaintiff stakeholder, concluding that the Equal Access to Justice Act did not abrogate the statutory tax lien priority of the government's lien. The Ninth Circuit stated:

There is nothing in the statute or the legislative history of the EAJA to indicate that Congress intended to override the priority of the United States to interpleaded funds under prior federal tax liens.

*Abex,* 748 F.2d at 517 (quoting *Millers Mutual,* 738 F.2d at 304).

The Ninth Circuit also cited *Chevron U.S.A., Inc. v. May Oilfield Services, Inc.,* 739 F.2d 498 (10th Cir.1984), in which the Tenth Circuit reversed an attorney fee award to an interpleader plaintiff based on I.R.C. §§ 6321 and 6322, which expressly prohibit an award of attorney fees under EAJA. *Abex,* 748 F.2d at 517.

 In the present case, the United States has made a claim based on federal tax liens that exceed the amount of the interpleader fund. If the government is ultimately found to have any interest in the fund, an award of attorney fees and costs will impermissibly drain the fund before the government's liens are satisfied. Therefore, under *Abex,* the Court must conclude that Diversified is not entitled to recovery for attorney fees and costs in this interpleader action until it has determined the respective rights of the parties to the fund.[6]

## III. Defendant IRS's Motion to Disqualify Lonnie D. Crockett.

Defendant IRS has filed a Motion to Disqualify Lonnie D. Crockett (Dkt. # 26) from representing Defendant T–Bow in these proceedings.

 Although a non-attorney may appear *in propria persona* in his own behalf, the privilege is personal to him. *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir.1987) (citing *McShane v. United States,* 366 F.2d 286, 288 (9th Cir.1966)); *See*

**6.** During oral argument, Diversified stated it would abandon its claims to attorney fees as to the United States only.

*also* 28 U.S.C. § 1654 and Fed.R.Civ.P. 11. It is well settled that a non-attorney has no authority to appear for others than himself. *See C.E. Pope Equity Trust,* 818 F.2d at 697 (citing *Russell v. United States,* 308 F.2d 78, 79 (9th Cir.1962); *Collins v. O"Brien,* 208 F.2d 44, 45 (D.C.Cir.1953), *cert. denied,* 347 U.S. 944 (1954)). A trustee's status as trustee does not include the right to present arguments *pro se* in federal court. *C.E. Pope Equity Trust,* 818 F.2d at 698.

At the hearing held in this matter on September 26, 1994, Mr. Crockett acknowledged that a trust must be represented by an attorney and stated that he does not oppose the government's motion. Therefore, the Court finds that the government's *motion to disqualify* Mr. Crockett should be granted. However, because Mr. Crockett indicated that he was having a hard time finding counsel to represent the Trust, the Court will stay all proceedings in this matter for twenty (20) days from the issuance of this Report, Recommendation and Order so that Mr. Crockett will have additional time to secure counsel for T-bow.

**IV. Defendants Morgan and T–Bow's Motion for Discovery Production of Documents, Rules of Civil Procedure 26, 34(a)**

Morgan and T–Bow have filed identical "motions," which appear to be requests for discovery (Dkt. # 8; Dkt. # 11), but purport to move the Court to order discovery and production from Diversified.

■ Defendants Morgan and T–Bow's motions are unnecessary as they do not need the Court's permission before serving requests for discovery on counsel for the Defendants. The Federal Rules of Civil Procedure provide authority as to how discovery should proceed in civil cases and what is discoverable. In particular, the Court refers Defendants to Rule 26 of the Federal Rules of Civil Procedure. Defendants are entitled to seek discovery that is within what this rule provides. A request for discovery should not be presented in the form of a motion to the court; rather, it should be in the form of a request and served directly on counsel for the opposing party. Furthermore, the Court

has found that the Trust must be represented by an attorney and has dismissed the Trustee from acting pro se on its behalf. For this reason too, the Motion for Discovery filed by Defendant T–Bow is improper. Therefore, the Court finds Defendants' motions are moot.

## RECOMMENDATION

Based on the foregoing, I recommend:

(1) That Plaintiff's Motion for Plaintiff's Dismissal, Impleader Order and Dismissal of Counterclaim (Dkt. # 6) be GRANTED IN PART AND DENIED IN PART;

(2) That Defendant T–Bow's Counterclaim be DISMISSED without prejudice;

(3) That Plaintiff Diversified be DISMISSED as a party to this case; and

(4) That Plaintiff Diversified's Motion for Attorney Fees and Costs be DENIED at this time.

Written objections to this report and recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1)(B) or that party may waive the right to raise the objections before the Ninth Circuit Court of Appeals. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *McCall v. Andrus,* 628 F.2d 1185 (9th Cir.1980), *cert. denied* 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981); *Britt v. Simi Valley Unified School District,* 708 F.2d 452 (9th Cir.1983).

## ORDER

Based on the foregoing, the Court having fully reviewed the matter and being fully advised in the premises,

IT IS HEREBY ORDERED:

(1) That Defendant IRS's Motion to Disqualify Lonnie D. Crockett (Dkt. # 26) from representing Defendant T–Bow is GRANTED;

(2) That all activity in this case is STAYED for twenty (20) days from the issuance of this order so that Mr. Crockett will have time to secure counsel for Defendant T–Bow; and

(3) That Defendant Morgan's Motion for Discovery (Dkt. # 8) and Defendant T–Bow's Motion for Discovery (Dkt. # 11) are MOOT.

DATED: December 15, 1994.