PER CURIAM:
 

 This criminal prosecution by the United States, alleging violation of the Mail Fraud statute, 18 U.S.C. § 1341, and a prior civil action brought jointly by the Commodity Futures Trading Commission and the State of California, alleging violations of the Commodity Exchange Act, 7 U.S.C. § 1,
 
 et seq.
 
 and California Business and Professions Code §§ 17200
 
 et seq.
 
 and 17500
 
 et seq.,
 
 both arise out of Appellant Traylor’s operation of a telemarketing “boiler-room,” which sold interests in precious metals to unsophisticated investors.
 

 Traylor sought dismissal of the indictment arguing it was barred by the double jeopardy clause because fines payable to the State of California were imposed upon •Traylor by a federal district court for the
 
 *1132
 
 same conduct in the earlier civil case. The district court in the present case denied the motion, ruling the fines did not constitute punishment and, in any event, the federal criminal prosecution was permissible because the fines in the earlier civil case were awarded only to the State of California for violation of a California statute. Traylor entered a conditional plea of guilty and now appeals the district court’s denial of the motion to dismiss. We affirm.
 

 DISCUSSION
 

 We review
 
 de novo
 
 a district court’s denial of a motion to dismiss an indictment on double jeopardy grounds.
 
 United States v. Goland,
 
 897 F.2d 405, 408 (9th Cir.1990).
 

 Under the dual sovereignty doctrine, successive prosecutions by separate sovereigns for crimes arising out of the same acts are not barred by the Double Jeopardy Clause.
 
 Heath v. Alabama,
 
 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387 (1985);
 
 United States v. Lanza,
 
 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922). The doctrine is premised on the notion that “[w]hen a defendant in a single act violates the ‘peace and dignity’ of two sovereigns by breaking the laws of each, he has committed two distinct ‘offences.’ ”
 
 Heath,
 
 474 U.S. at 88, 106 S.Ct. at 437 (quoting
 
 Lanza,
 
 260 U.S. at 382, 43 S.Ct. at 142). Whether two entities that seek to successively prosecute a defendant for the same conduct are separate sovereigns depends on “whether the two entities draw their authority to punish the offender from distinct sources of power.”
 
 Id.
 
 The civil fines imposed in the prior action were sought and obtained by the State of California for violations of state law.
 
 [1]
 
 This prosecution was brought by the United States for violation of the federal Mail Fraud statute. Accordingly, the federal prosecution was not barred under the dual sovereignty doctrine.
 

 The fact that the state’s claim under its own statute was litigated as a pendent claim to an action in a federal forum initiated by the United States does not bar the subsequent federal prosecution. Under
 
 Heath
 
 the determinative factor is neither the form nor the forum of the two proceedings but the “source of power” to punish upon which they rest.
 

 Thus, municipal and state courts may be distinct forums, but a conviction for the same acts in both tribunals is barred by the Double Jeopardy Clause because the municipality and the state in which it is located derive their authority to prosecute from the same source.
 
 Waller v. Florida,
 
 397 U.S. 387, 392, 90 S.Ct. 1184, 1187, 25 L.Ed.2d 435 (1970) (municipalities “ ‘have been traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions.’ ”) (quoting
 
 Reynolds v. Simms,
 
 377 U.S. 533, 575, 84 S.Ct. 1362, 1388, 12 L.Ed.2d 506 (1964)). On the other hand, an Indian tribe and the United States are separate sovereigns for double jeopardy purposes because an Indian tribe derives its authority to punish from its “primeval sovereignty” and “exercises this power ... as part of its retained sovereignty and not as an arm of the Federal Government.”
 
 United States v. Wheeler,
 
 435 U.S. 313, 328, 98 S.Ct. 1079, 1088, 55 L.Ed.2d 303 (1978).
 

 The federal court’s exercise of pendent jurisdiction over California’s state law claims did not transform the State of California into an agent of the federal government. Rather, the source of California’s power to prosecute remained the California Business and Professions Code, and it was pursuant to that statute that the district court imposed the civil fines. Accordingly, the double jeopardy clause does not bar
 
 *1133
 
 this criminal prosecution.
 
 [2]
 

 AFFIRMED.
 

 [1]
 

 . Traylor cannot argue that the equitable relief awarded to the CFTC, including an injunction, appointment of receiver and disgorgement of funds to be used for restitution, constitutes punishment that would bar this prosecution. The imposition of a purely remedial sanction in a civil action does not bar a subsequent criminal prosecution.
 
 See United States v. Halper,
 
 490 U.S. 435, 442-43, 109 S.Ct. 1892, 1898-99, 104 L.Ed.2d 487 (1989);
 
 Helvering v. Mitchell,
 
 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938).
 

 [2]
 

 . Because, under the dual sovereignty doctrine, no bar exists to prosecution, we need not decide whether the penalties imposed in the prior civil action constituted punishment.