Gill A.C. STEPHENS, Petitioner–
Appellant,

v.

ATTORNEY GENERAL OF CALIFOR-
NIA; J.W. Huskey, Warden, Re-
spondents–Appellees.

No. 93–56202.

United States Court of Appeals,
Ninth Circuit.

Submitted April 20, 1994 *.

Decided April 28, 1994.

Jack S. Norby, Meshbesher & Spence, Minneapolis, MN, for petitioner-appellant.

Kristofer Jorstad, Deputy Atty. Gen., Los Angeles, CA, for respondent-appellee.

Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.

Per Curiam.

PER CURIAM:

Gill A.C. Stephens filed a petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2254. The district court denied the petition. We affirm.

I

A detective from the Los Angeles Police Department approached Stephens while he was standing in line to board a Greyhound bus. After talking to Stephens for a few moments, the detective and his partner searched Stephens' bags and found cocaine. Stephens was arrested and charged in United States District Court for a violation of 21

---

* The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th

Cir.R. 34–4.

U.S.C. § 841(a)(1), possession with intent to distribute cocaine.

Stephens maintains that he never consented to the search of his bags. At an evidentiary hearing, the district court found that Stephens had not given his consent, held that the search violated the Fourth Amendment, and granted Stephens' motion to suppress the cocaine. Rather than appealing the order, the United States Attorney dismissed the indictment.

The detectives brought the case to the Los Angeles District Attorney, who prosecuted Stephens under state law in California Superior Court. Stephens again moved to suppress the cocaine. This time, the state judge credited the detectives' testimony that Stephens had given them permission to search his bags and ruled that the cocaine was admissable. Stephens pled guilty and then appealed. The California Court of Appeal affirmed, and the California Supreme Court denied Stephens' petition for review.

The district court denied Stephens' petition for habeas corpus. Stephens appeals.

## II

We review de novo the district court's denial of a petition for habeas corpus. We presume that the state court's factual findings are correct, pursuant to 28 U.S.C. § 2254(d), unless one of the exceptions enumerated in section 2254(d) applies. *Palmer v. Estelle*, 985 F.2d 456, 457 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 3051, 125 L.Ed.2d 735 (1993).

Stephens makes two arguments in his habeas petition. First, he argues that the state court erred in finding that the search of his luggage did not violate the Fourth Amendment. Second, he argues that the doctrine of collateral estoppel barred the state court from relitigating the issue of the legality of the search. The district court properly rejected these arguments.

■ In *Stone v. Powell*, 428 U.S. 465, 492–495, 96 S.Ct. 3037, 3051–3053, 49 L.Ed.2d 1067 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." 428 U.S. at 494, 96 S.Ct. at 3052 (internal citation omitted); *Gordon v. Duran*, 895 F.2d 610, 613–614 (9th Cir.1990). Stephens concedes he had a full and fair opportunity to litigate his claim in the state court. Thus, *Stone* barred the district court from considering on collateral review whether the state court erred in ruling that the search was lawful.

■ *Stone* does not preclude a district court from considering whether, under the doctrine of collateral estoppel, the state court was bound by the federal court's earlier ruling on the same issue. *Cf. Allen v. McCurry*, 449 U.S. 90, 103, 101 S.Ct. 411, 419, 66 L.Ed.2d 308 (1980) (stating that *Stone* has no bearing on the preclusive effects of state-court judgments). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* at 94, 101 S.Ct. at 414. However, collateral estoppel cannot be applied to a litigant who was not a party or in privity with a party to the earlier proceeding, and who therefore never had an opportunity to be heard. *Id.* at 95, 101 S.Ct. at 415; *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n. 7, 99 S.Ct. 645, 649. n. 7, 58 L.Ed.2d 552 (1979).

■ The state was not a party to the initial evidentiary hearing in federal court and was not in privity with the federal prosecutors. The state would be bound by the prior determination only if state prosecutors had participated actively in the federal prosecution. *People v. Meredith*, 11 Cal.App.4th 1548, 1558–59, 15 Cal.Rptr.2d 285 (1992). Although the same Los Angeles police detectives testified at both the federal and state hearings, this did not create privity between the state and federal prosecutors. At the federal hearing, the detectives did not have the authority to act in the state's name or to decide how the prosecution would proceed.

*United States v. Davis,* 906 F.2d 829, 834–35 (2nd Cir.1990).

**AFFIRMED.**