32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger GRIER, Defendant-Appellant.
 No. 92-10713.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger Grier appeals his conviction, which followed a jury trial, for bank fraud in violation of 18 U.S.C. Secs. 1344. Grier claims the district court erred, first, by admitting evidence of other acts solely to show his bad character in violation of Fed.R.Evid. 404(b) and, second, by denying his motion for a new trial on the basis of juror misconduct. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Evidence of Other Acts
 
 
 4
 We review for abuse of discretion a district court's decision to admit evidence of other conduct under Rule 404(b). United States v. Luna, 21 F.3d 874, 878 (9th Cir.1994). We allow evidence of acts committed subsequent to the crime charged to prove intent. United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.), cert. denied, 111 S.Ct. 2861 (1991). We consider the following four requirements in determining whether evidence was properly admitted to prove intent or absence of mistake under Rule 404(b): "(1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the ... conduct must be similar to the charged conduct; (3) proof of the ... conduct must be based upon sufficient evidence; and (4) the ... conduct must not be too remote in time." United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir.1993).
 
 
 5
 Grier served telemarketers for a fee by cashing in their credit card drafts. To accomplish this, he recruited merchants to open fraudulent business accounts in banks that redeemed credit card drafts for cash. He then passed on credit card information from the telemarketers to the merchants, who deposited drafts and then immediately withdrew cash and sent it directly to Grier. Merchants had to withdraw quickly because, typically, a flood of "chargebacks," representing purchasers who wanted their money back, would follow these deposits. (Chargebacks were inevitable because most of the telemarketed "purchases" represented fraudulent sales.) The merchant bank, which bore the risk of loss when a credit card charge was reversed, would then typically freeze the merchant's account, and Grier would go on to recruit a new merchant.
 
 
 6
 Here, the government charged Grier and merchant codefendant Spencer with defrauding the Bank of America of $140,000 between October 1988 and June 1989. Grier argued that he did not intend to defraud the bank. He claimed to believe that new deposits would have covered the chargebacks if the bank had not frozen the account.
 
 
 7
 The district court admitted evidence that after June 1989, when the Bank of America froze Spencer's account, Grier recruited new merchants to participate in the same scheme, and that he showed them fraudulent insurance documents to reassure them that their banks would be insulated from loss when purchasers demanded their money bank. Grier argues that this evidence was irrelevant and more prejudicial than probative because he was not accused of defrauding individual merchants or of committing insurance fraud. We disagree.
 
 
 8
 Grier's defense depended on the jury's believing that he did not expect the bank to quit while it was behind. The evidence that he persisted in recruiting new merchants even after the Bank of America closed Spencer's account, and that he lied about insurance to assuage the fears of more scrupulous merchants, suggests that he expected more trouble with banks, and that he did not mind them losing money as long as he was making money. The evidence was admissible as probative of his intent to defraud the Bank of America in 1989. See id. We are satisfied, moreover, that the evidence did not awaken in the jury an irrational desire to punish Grier based on his character alone. See United States v. Hitt, 981 F.2d 422, 424 (9th Cir.1992) (discussing Fed.R.Evid 403).
 
 II
 Juror Misconduct
 
 9
 We review for abuse of discretion a district court's denial of a defendant's motion for a new trial based upon alleged jury misconduct. United States v. Endicott, 869 F.2d 452, 457 (9th Cir.1989). Where ex parte juror contacts are alleged, the defendant will receive a new trial only if the court finds that the contacts resulted in "actual prejudice" to the defendant. United States v. Maree, 934 F.2d 196, 201 (9th Cir.1991).
 
 
 10
 Here, two law clerks from the Public Defender's Office reported to the court that they had overheard four jurors discussing the verdict at lunch time. According to the clerks' affidavits, one woman stated "I have no problem getting Greer [sic]," and another woman said "Well, I think that if after two months of stuff from the prosecution, I can't figure it out that sounds like reasonable doubt to me." A few hours later, the jury convicted Grier and acquitted Spencer.
 
 
 11
 The district court conducted an in camera interview with each of the four jurors to determine whether they had agreed among themselves outside the presence of the whole jury to return a particular verdict. All denied this. Three recalled that the jury had reached a verdict on Grier before lunch. The district court concluded that Grier suffered no actual prejudice.
 
 
 12
 Grier argues on appeal that the district court failed to get to the heart of the misconduct. He asserts that the comments show at least "one juror who was uncertain as to [his] guilt or innocence." We note that, in light of the verdict, it is as likely that the juror was commenting on the case against Spencer. In any event, the district court was entitled to believe the jurors' assurances. See Dennis v. United States, 339 U.S. 162, 171 (1950). We discern no abuse of discretion. See Endicott, 869 F.2d at 457.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3