32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto Antonio HERRERA-ELIAS, aka Trini Antonio Marrokin,
Defendant-Appellant.
 No. 93-50838.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roberto Antonio Herrera-Elias appeals his 30-month sentence imposed following entry of a guilty plea to being present in the United States after a prior deportation, in violation of 8 U.S.C. Sec. 1326(a), (b)(1). Herrera-Elias contends that the district court violated his due process rights by sentencing him to more than 24 months in custody. We have jurisdiction pursuant to 18 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the legality of a sentence de novo. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1993) (en banc).
 
 
 4
 Before deporting Herrera-Elias in 1989, the Immigration and Naturalization Service (INS) gave him Form I-294, which stated that the maximum penalty for reentering the United States after deportation was two years. Herrera-Elias's fair notice and estoppel by entrapment due process challenges to his receipt of a sentence in excess of 24 months are foreclosed by our decision in United States v. Ullyses-Salazar, No. 93-50144, slip op. 6543, 6548-50 (9th Cir. June 20, 1994) (information contained in Form I-294 that understates penalty for being present in United States following deportation does not give rise to violations of defendant's due process rights based upon lack of fair notice or estoppel by entrapment). Furthermore, because Herrera-Elias did not show that the INS's failure to revise its Form I-294 was affirmative misconduct, his challenge based on equitable estoppel also fails. See id. at 6551-52 (mere passage of time insufficient to establish affirmative misconduct).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3