32 F.3d 573
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leopoldo Hernandez PILOTO, Defendant-Appellant.
 No. 93-50792.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leopoldo Hernandez Piloto appeals the district court's denial of his motion to reduce his sentence pursuant to the former Rule 35 of the Federal Rules of Criminal Procedure. Piloto claims, first, that his federal prosecution placed him in double jeopardy; second, that his sentence should be reduced because codefendants received lesser sentences; and third, that his case should be remanded because the district court failed to make written findings adequate to explain its decision. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Absent a "clear abuse of discretion," we will not disturb on appeal a district court's denial of a motion for reduction of sentence. United States v. Ruffen, 780 F.2d 1493, 1495 (9th Cir.), cert. denied, 479 U.S. 963 (1986). The double jeopardy clause does not bar successive prosecutions for the same crime by state and federal authorities. United States v. Traylor, 978 F.2d 1131, 1132 (9th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1958 (1993). Absent constitutional concerns, a sentence within statutory limits is generally not reviewable. United States v. Citro, 842 F.2d 1149, 1153 (9th Cir.), cert. denied, 488 U.S. 866 (1988).
 
 
 4
 In 1986, Piloto pleaded guilty in state court to narcotics offenses. He was sentenced to 12 years in prison. In 1987, a federal indictment issued, charging him in 16 counts with violations related to the same conduct for which he was incarcerated. Piloto was transferred to federal custody and permitted to withdraw his guilty plea in state court. The state felony complaint was dismissed.
 
 
 5
 In November 1987, Piloto pleaded guilty to possessing with intent to distribute 1,109 pounds of cocaine. He was sentenced to 20 years in federal prison. On appeal, we remanded with instructions to the district court to make findings on disputed information in the presentence report. See United States v. Piloto, No 88-5018, unpublished memorandum disposition (9th Cir. Apr. 21, 1989). In December 1990, on remand, the district court reduced Piloto's sentence to 15 years in light of evidence that his codefendants had received lesser sentences.
 
 
 6
 Piloto filed a Fed.R.Crim.P. 35 motion in March 1991, seeking a further reduction in his sentence. The district court denied the motion in October 1993 on the grounds that there was no new information to support a further reduction and that Piloto's federal prosecution had not placed him in double jeopardy. Piloto appealed, complaining that these findings are inadequate. We disagree.
 
 
 7
 We need no further information to evaluate this appeal. Separate sovereigns may prosecute the same defendant for the same crime without violating the double jeopardy clause. See Traylor, 978 F.2d at 1132. Moreover, Piloto's reduced sentence falls within statutory limits and he claims no constitutional error. Accordingly, we withhold further review. See Citro, 842 F.2d at 1153. There was no abuse of discretion in the district court's denial of Piloto's Rule 35 motion. See Ruffen, 780 F.2d at 1495.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3