34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert RAWLINGS, Jr., Defendant-Appellant.
 No. 93-50443.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Rawlings, Jr., appeals the denial of his pretrial motion to dismiss on double jeopardy grounds his indictment for thirteen counts of wire fraud in violation of 18 U.S.C. Sec. 1343. Rawlings contends that his prosecution for wire fraud in his dealings with The Florida Group, Inc., is barred because a bankruptcy court found that The Florida Group failed to establish fraud. We have jurisdiction under the collateral order doctrine. See United States v. Witten, 965 F.2d 774, 775 (9th Cir.1992) (citing Abney v. United States, 431 U.S. 651, 659-62 (1977)). We affirm.
 
 
 3
 We review de novo the denial of a motion to dismiss an indictment on double jeopardy grounds. United States v. Traylor, 978 F.2d 1131, 1132 (9th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1958 (1993).
 
 
 4
 The Double Jeopardy Clause prohibits successive punishments for the same criminal offense. United States v. Dixon, 113 S.Ct. 2849, 2855 (1993). It also prohibits successive prosecutions for the same criminal offense. Id. This prohibition encompasses a prohibition against prosecutions barred by collateral estoppel. Ashe v. Swenson, 397 U.S. 436, 443 (1970) ("when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit"); United States v. Barragan-Cepeda, No. 93-50642, slip op. 7547, 7552 (9th Cir. July 12, 1994). Civil proceedings, however, normally "cannot form the basis for a double jeopardy claim." United States v. Yacoubian, 24 F.3d 1, 10 (9th Cir.1994) (deportation not impermissible double criminal punishment); cf. Traylor, 978 F.2d at 1133 n. 2 (civil penalty may constitute punishment precluding later criminal prosecution).
 
 
 5
 Rawlings contends that the doctrine of collateral estoppel bars his prosecution for mail fraud because in Rawling's personal bankruptcy proceeding, the bankruptcy court found that The Florida Group failed to prove fraud. This contention lacks merit because the United States was not a party in the bankruptcy proceeding. See Ashe, 397 U.S. at 443; Stephens v. Attorney General, 23 F.3d 248, 249 (9th Cir.1994) (per curiam) ("collateral estoppel cannot be applied to a litigant who was not a party or in privity with a party to the earlier proceeding"). Accordingly, the district court did not err by denying Rawlings's motion to dismiss the indictment.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's requests for oral argument and his motion to supplement the record are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's motion to permit supplemental briefing regarding Department of Revenue v. Kurth Ranch, 114 S.Ct. 1937 (1994) (holding that "civil" tax on marijuana constituted punishment for double jeopardy purposes) is denied because Kurth Ranch did not involve collateral estoppel