STATE of Iowa, Appellant,

v.

Che Ethan McFARLIN, Appellee.

No. 95–37.

Supreme Court of Iowa.

Jan. 17, 1996.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, J. Patrick White, County Attorney, and David V. Tiffany, Assistant County Attorney, for appellant.

Leon F. Spies of Mellon & Spies Attorneys, Iowa City, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

One of the most familiar and cherished of all constitutional rights is the one that, under the fifth amendment of the federal Constitution, protects citizens from being "twice put in jeopardy of life or limb." The same right is similarly protected under article I section 12 of our own Constitution ("[n]o person shall after acquittal, be tried for the same offense"). Prosecutors in this case brought a civil forfeiture proceeding to seize contraband (marijuana) and a small amount of cash (eighty-six dollars) thought to be proceeds from drug sales. The defendant spurned any participation in the forfeiture proceeding but later urged, on former jeopardy grounds, that it barred his separate prosecution on the drug charge. The trial court agreed and dismissed the prosecution. We disagree and therefore reverse and remand.

On the evening of July 31, 1994, an Iowa City police officer stopped an automobile because it had no visible front license plate. The officer observed two men in the car. As he approached he noticed the passenger, later identified as the defendant Che Ethan McFarlin, hurriedly digging in a small waist pack and reaching in the area between the

two front bucket seats of the car. The officer became concerned and asked the two men to show him their hands. McFarlin refused to do so and continued to dig in the waist pack. A verbal exchange ensued in which the officer asked McFarlin if he had a gun, and McFarlin eventually replied no, "I have a little grass."

The officer then saw McFarlin place a plastic bag containing a green, leafy substance into his left front pocket. When asked what he had, McFarlin handed over a plastic bag containing marijuana. The officer then placed McFarlin under arrest and searched the car and waist pack. Inside the waist pack he found a plastic bag containing three additional individually packaged and rolled baggies of marijuana. Also found in the same part of the waist pack was eighty-six dollars in cash and McFarlin's identification card. All the State's evidence is consistent with McFarlin's claimed ownership of the waist pack and all its contents. The officer seized the marijuana and currency. The waist pack and card were returned to McFarlin.

Two separate legal proceedings resulted. The first was initiated on August 17, 1994, when the State filed a notice of forfeiture concerning the seized cash and marijuana under Iowa Code chapter 809 (1993). McFarlin was served with a timely notice, but chose not to file for return of the seized property. A final forfeiture order was entered on October 12, 1994, transferring title of the cash and drugs to the State of Iowa.[1]

The second proceeding began on August 18, 1994, when a trial information was filed charging McFarlin with possession of a controlled substance with intent to deliver under Iowa Code chapter 124. McFarlin pled not guilty and thereafter filed a motion to dismiss the trial information on the ground that there had already been a forfeiture of property and further punishment was barred by the former jeopardy clauses of the United States and Iowa Constitutions. The district court agreed and dismissed the drug charge. It is from this judgment that the State appeals.

Because the case alleges a violation of constitutional protections our review is de novo. *State v. Clarke,* 475 N.W.2d 193, 194 (Iowa 1991).

◼ The former jeopardy clause embodies three separate protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969); *State v. McKettrick,* 480 N.W.2d 52, 56 (Iowa 1992).

◼ I. The sole issue on appeal is McFarlin's contention that the prior civil forfeiture under Iowa Code chapter 809 of the illegally possessed drugs and cash proceeds constitutes punishment under the former jeopardy clause prohibitions—multiple punishment for the same offense—so as to preclude the subsequent criminal prosecution under Iowa Code chapter 124.

◼ As a preliminary matter the State thinks McFarlin waived any claim the forfeiture proceeding placed him in jeopardy by not participating in that proceeding. McFarlin received notice inviting him to make a claim to the property subject to forfeiture, but he failed to do so. As a result the State thinks he did not become a party to the forfeiture and thus jeopardy did not attach. As a nonparty, the State argues, McFarlin chose not to risk a determination of guilt in the civil forfeiture proceeding, and "[w]ithout risk of a determination of guilt, jeopardy does not attach...." *Serfass v. United States,* 420 U.S. 377, 391–92, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265, 276 (1975). McFarlin

---

1. In the notice, the State alleged the property seized from McFarlin was forfeitable as property illegally possessed (four plastic baggies of marijuana) and/or property acquired as proceeds from or used to further the commission of a criminal offense ($86 in currency). *See* Iowa Code § 809.1(2)(a)–(c). It is conceivable that

McFarlin could have contended that the seized currency was not proceeds of an illegal sale of marijuana. He however failed to file an application for return and might be said to have waived this argument. The significance of McFarlin's failure to respond in the forfeiture proceeding will be discussed later in this opinion.

responds that the facts unequivocally establish his ownership of the property, so his failure to file a claim should not be dispositive. In response the State points to *United States v. Torres*, 28 F.3d 1463 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994), which states:

> [B]ecause [the defendant] did not make a claim in the forfeiture proceeding, we have no reason to believe that he owned or had any interest in the money.... Perhaps he was just a courier, making the buy on behalf of an undisclosed principal. If [the defendant] lacked an interest in the cash, its forfeiture did not impose any penalty on *him*.... A non-"penalty" imposed in a civil proceeding does not amount to "jeopardy of life or limb" within the meaning of the fifth amendment. [The defendant] is not entitled to escape time in prison just because the forfeiture may have penalized one of his confederates in crime, even his best friend.

*Id.* at 1465–66. *See also United States v. Baird*, 63 F.3d 1213, 1218 (3d Cir.1995); *United States v. Arreola–Ramos*, 60 F.3d 188, 192–93 (5th Cir.1995); *United States v. Cretacci*, 62 F.3d 307, 311 (9th Cir.1995).

We agree with McFarlin that, under the special facts here, the State cannot rely on the *Torres* nonparticipation analysis. This is because the analysis is derived from the uncertainty concerning ownership of the seized goods in *Torres*. As noted in the above quote, the *Torres* court emphasized there was no way of knowing whether the goods belonged to the defendant or to someone else so that Torres may well have not had any interest in the property and hence was not placed in jeopardy. In the present case though, it is clear the drugs and cash belong to McFarlin. McFarlin claims ownership and the State's evidence concedes the point.

II. According to the traditional view, forfeiture was considered a civil proceeding to which jeopardy would not attach, rather than a criminal proceeding to which jeopardy protections would apply. *State v. One Certain Conveyance, 1973 Kenworth*, 316 N.W.2d 675, 678 (Iowa 1982); *but see Matter of Kaster*, 454 N.W.2d 876, 877 (Iowa 1990) (recognizing that, although forfeiture statutes were not criminal, they were penal in nature and hence strictly construed). More recent pronouncements from the United States Supreme Court have however revoked this premise and recognized the "punishment" nature of forfeiture proceedings our earlier cases rejected, thereby introducing the jeopardy ingredients we had found lacking. *Department of Revenue of Mont. v. Kurth Ranch*, 511 U.S. ——, ——, 114 S.Ct. 1937, 1945, 128 L.Ed.2d 767, 778 (1994) (civil penalty may not in separate proceedings be imposed for the same offense that is the basis of the criminal prosecution and evade jeopardy protections); *Austin v. United States*, 509 U.S. 602, ——, 113 S.Ct. 2801, 2810, 125 L.Ed.2d 488, 503 (1993) (forfeiture of real property considered punishment for purpose of excessive-fines clause); *United States v. Halper*, 490 U.S. 435, 448–49, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487, 502 (1989) (civil penalty *may* constitute punishment to which jeopardy attaches).

The nub of the present case is whether these United States Supreme Court holdings establish that jeopardy automatically attaches to all forfeiture proceedings or whether it may or may not attach to forfeiture proceedings, to be determined on a case-by-case basis.[2] The focus of these holdings was upon the constitutional prohibition against multiple punishment, the court pointing out that the civil sanction for wrongful conduct may be classified as "punishment" for pur-

---

2. The State makes an attempt to obviate the question by contending only one proceeding was involved on this record. The United States Supreme Court has made it clear that state legislatures may, without offending former jeopardy protections, provide for a single prosecution that both sets up a forfeiture and provides for a criminal prosecution. *Ohio v. Johnson*, 467 U.S. 493, 499–500, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425, 433–34 (1984). This holding was reaffirmed in *Halper*, 490 U.S. at 451 n. 10, 109 S.Ct. at 1903 n. 10, 104 L.Ed.2d at 503 n. 10. The State's only basis for asserting a single proceeding was involved here is that two proceedings were parallel and ran simultaneously. There were however two separate actions, one a criminal prosecution, the other a separately docketed and separately tried civil proceeding. *See Department of Revenue of Mont.*, 511 U.S. at —— n. 21, 114 S.Ct. at 1947 n. 21, 128 L.Ed.2d at 780 n. 21.

poses of the former jeopardy clause when the sanction imposed serves either of the traditional punitive goals of deterrence or retribution rather than the remedial goal of reimbursing the State and society for the costs resulting from the wrongful conduct. *Halper,* 490 U.S. at 448–49, 109 S.Ct. at 1902, 104 L.Ed.2d at 502.

*Austin* considered whether forfeitures of property under 21 U.S.C. §§ 881(a)(4)—all conveyances used to transport drugs, such as automobiles—and (a)(7)—all real estate used in drug transactions—constituted punishment for purposes of the excessive fines clause of the eighth amendment. In *Austin* the government instituted forfeiture proceedings against a mobile home and an automobile owned by a previously indicted defendant because these items were used to "facilitate" the commission of drug offenses. The court concluded "that forfeiture generally and statutory in rem forfeiture in particular historically has been understood, at least in part, as punishment." *Austin,* 509 U.S. at ——, 113 S.Ct. at 2810, 125 L.Ed.2d at 503. But in considering whether the forfeitures under 21 U.S.C. §§ 881(a)(4), (a)(7) were properly considered punishment in the present day, the court carefully distinguished two prior cases holding that civil forfeiture did not constitute punishment under the former jeopardy clause. *Id.* at ——, 113 S.Ct. at 2811, 125 L.Ed.2d at 504–05; *see United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 364, 104 S.Ct. 1099, 1106, 79 L.Ed.2d 361, 369 (1984) (recognizing that the forfeiture of contraband itself may be characterized as remedial because it removes dangerous or illegal items from society); *One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 237, 93 S.Ct. 489, 493, 34 L.Ed.2d 438, 443 (1972) (upholding the forfeiture of goods involved in customs violations as "a reasonable form of liquidated damages"). Invoking the rational-relation analysis of *Halper,* the court explained that the forfeiture of conveyances and real estate under 21 U.S.C. §§ 881(a)(4), (a)(7) have no correlation to, or proportionality with, the cost incurred by the government because of the dramatic and unpredictable variances in the values of real property in comparison with the cost sustained by society and the government in enforcing the law. *Austin,* 509 U.S. at ——, 113 S.Ct. at 2811–12, 125 L.Ed.2d at 504–05. The court then held that "forfeiture under these provisions constitutes ... punishment ... and, as such, is subject to the limitations of the eighth amendment excessive fines clause." *Id.* at ——, 113 S.Ct. at 2812, 125 L.Ed.2d at 505–06.

Although the effect of the *Halper* and *Austin* holdings is far reaching, we cannot read them to call for automatic application of former jeopardy principles in all instances where a single set of facts separately precipitates both a forfeiture proceeding and a criminal prosecution. The forfeiture does not amount to separate "punishment" for the offense where the value of the property seized (aside from contraband which of course can always be seized) is proportional with the costs incurred by the government as a result of the defendant's wrongful conduct. In sum, under the guidance of *Halper* and *Austin,* we must classify a civil forfeiture under Iowa Code chapter 809 of a controlled substance and the accompanying proceeds from illegal sales as punishment if, in this particular case, the amount of the proceeds forfeited was so great that it bore no rational relation to the cost incurred by the State and society as a result of the defendant's wrongful conduct.

The civil forfeiture in this particular case may not be deemed punishment within the meaning of the former jeopardy clause for a number of reasons. The forfeiture resulted in the loss of two distinct types of property: (1) drugs, and (2) cash proceeds. Forfeiture of the drugs clearly falls within the contraband exemption of *89 Firearms,* 465 U.S. at 364, 104 S.Ct. at 1106, 79 L.Ed.2d at 369, because it removes the illegal drugs from society.

III. Neither, under the *Halper–Austin* analysis, can the seizure of the eighty-six dollars in cash be considered punishment to which jeopardy would attach. This is because the eighty-six dollars amounted to proceeds from illegal activities.

*Austin* has been interpreted as standing for the proposition that forfeiture of property

used to *facilitate* criminal conduct (autos, real estate) may be classified as "punishment" under a *Halper*-type analysis. *See United States v. Ursery*, 59 F.3d 568, 572–73 (6th Cir.1995) (forfeiture of real estate used to facilitate a crime is punishment). In contrast to *Austin*, the forfeiture here involves the *proceeds* of criminal conduct. *See United States v. Salinas*, 65 F.3d 551, 554 (6th Cir. 1995) (forfeiture of drug proceeds is different).

The contention that forfeiture of cash proceeds from illegal drug sales constitutes punishment must be rejected under the "unjust enrichment" theory fashioned by the fifth circuit in *Tilley*. It is clear that forfeiture may be considered punishment only when legally derived property is forfeited. *U.S. v. Tilley*, 18 F.3d 295, 300 (5th Cir.1994). As drug proceeds are derived from criminal activity, a forfeiting party has no legal right to such proceeds. Thus, the *Tilley* court concluded by analogy that:

> [I]nstead of punishing the forfeiting party, the forfeiture of illegal proceeds, much like the confiscation of stolen money from a bank robber, merely places that party in the lawfully protected financial status quo that he enjoyed prior to launching his illegal scheme. That is not punishment "within the plain meaning of the word."

*Id.* (citation omitted); *see also United States v. Traylor*, 978 F.2d 1131, 1132 n. 1 (9th Cir.1992) (finding that disgorgement of funds to be used for restitution does not constitute punishment for former jeopardy purposes); *S.E.C. v. Bilzerian*, 29 F.3d 689, 696 (D.C.Cir.1994) (holding that disgorgement is remedial in nature and does not constitute punishment).

The eighty-six dollars was found in the waist pack with the marijuana, not separately in a wallet or elsewhere on McFarlin's person. The State asserted in the forfeiture notice to McFarlin that the cash was proceeds of criminal activity. After McFarlin did not respond, this assertion was the basis for the forfeiture.

McFarlin cannot now have it both ways. He might claim to have been a party to the forfeiture proceeding, and if so would thereby be bound by its finding that the eighty-six dollars was proceeds of criminal activity. On the other hand he might deny being a party so as to avoid being bound by the forfeiture proceedings. In that case no jeopardy would have attached and a separate criminal proceeding would not be barred. Either way, McFarlin's former jeopardy argument fails.

IV. The holdings in *Halper* and *Austin* obviously overrule our analysis, though not necessarily our holdings, in our earlier cases such as *State v. One Certain Conveyance, 1973 Kenworth*, 316 N.W.2d at 678. It is also obvious that, without legislation authorizing a single proceeding encompassing a criminal prosecution with forfeiture as an integral part of punishment, civil forfeiture will be a dangerous and often ill-advised prosecution tactic. But we think the forfeiture here was not fatal to the criminal charge. The case must be reversed and remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**