81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chaudion HARRIS, Defendant-Appellant. (95-1247)
Kim Carter, Defendant-Appellant. (95-1449)
 Nos. 95-1247, 95-1449.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1996.
 
 Before: KRUPANSKY, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Chaudion Harris (Case No. 95-1247) and Kim Carter (Case No. 95-1449), each represented by counsel, appeal their judgments of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In October 1994, a jury found Harris guilty of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Carter pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, as well as conspiracy to launder money in violation of 18 U.S.C. § 371. Harris was sentenced to 63 months of imprisonment, and Carter was sentenced to 70 months of imprisonment.
 
 
 3
 Both parties have filed timely appeals. On appeal, Harris essentially argues that his conviction violates the Double Jeopardy Clause. In his appeal, Carter argues that the government violated his Fourth Amendment rights by arresting him and searching his vehicle without a warrant and without probable cause.
 
 
 4
 Upon review, we conclude that Harris's conviction was proper because successive prosecutions by separate sovereigns for crimes arising out of the same acts are not barred by the Double Jeopardy Clause. See Abbate v. United States, 359 U.S. 187, 195-96 (1959); United States v. Traylor, 978 F.2d 1131, 1132 (9th Cir.1992), cert. denied, 113 S.Ct. 1958 (1993). Harris has not presented any evidence that the federal government was acting as a mere tool for the state. See Bartkus v. Illinois, 359 U.S. 121, 122-24 (1959); United States v. Guy, 903 F.2d 1240, 1242 (9th Cir.1990). There is absolutely no evidence that the state was involved in the prosecution of the federal action. See Bartkus, 359 U.S. at 122-24. Nor has Harris established that the state controlled the actions of the federal government such that the federal government did not act of its own volition. See United States v. Baptista-Rodriguez, 17 F.3d 1354, 1361 (11th Cir.1994).
 
 
 5
 We also conclude that the police officers did not violate Carter's Fourth Amendment rights. See United States v. Wright, 16 F.3d 1429, 1437 (6th Cir.), cert. denied, 114 S.Ct. 2759 (1994). The record reflects that Detroit police officers received information that an unidentified individual, "most likely" driving a black Chevy Blazer, would be delivering a kilogram of cocaine to the McDonald's restaurant on West Grand Boulevard. An individual had informed the officers that he could have a kilogram of cocaine delivered within an hour. He then made a telephone call and stated "It's me, bring me one to Mickey D's at 10:00 o'clock." At the appointed time, Carter pulled into the deserted McDonald's parking lot in a black Chevy Blazer and parked. After no other cars arrived and the occupants did not leave the Blazer, the police moved in to investigate. As the officers approached, Carter got out of the vehicle and began walking quickly. Under these circumstances, we are persuaded that the police had probable cause to believe that the driver of the Chevy Blazer was attempting to consummate a drug transaction. Therefore their warrantless search and arrest did not violate the Fourth Amendment.
 
 
 6
 Accordingly, we affirm the judgments of the district court.