116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Arthur MOOREHEAD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-56061.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.**
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-08400-SVW; Stephen V. Wilson, District Judge, Presiding.
 Before: NORRIS, LEAVY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner James Arthur Moorehead appeals pro se the district court's denial of his challenge to his jury conviction, following a third trial, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court construed Moorehead's various requests for relief as a habeas petition pursuant to 28 U.S.C. § 2241, and denied the petition.
 
 
 3
 The district court has not yet sentenced Moorehead following his third trial. Accordingly, we may only consider those issues which may be raised interlocutorily. We construe Moorehead's action as a motion to dismiss the indictment. First, Moorehead contends that he was subjected to double jeopardy, and that the district court erred in not ruling on his double jeopardy claims before the retrial took place.
 
 
 4
 "[T]he denial of a double jeopardy motion is an appealable order under 28 U.S.C. § 1291." Abney v. United States, 431 U.S. 651 (1977). The double jeopardy clause "does not bar reprosecution of a defendant whose conviction is overturned on appeal." Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 308 (1984). Moreover, Moorehead's allegation that there was some unspecified pending state action does not bar his federal conviction under double jeopardy. See United States v. Traylor, 978 F.2d 1131, 1132 (9th Cir.1992). We affirm the district court's conclusion that Moorehead was not subjected to double jeopardy.
 
 
 5
 Moorehead also raises additional claims under the rubric of a "double jeopardy" violation. He claims that the jury selection was biased because it eliminated from the jury pool former felons who have had their civil rights restored. Moorehead also contends that his conviction was unconstitutional because he had his civil rights restored from his underlying state conviction, and therefore, he could not be convicted of being a "felon" in possession of a firearm. These claims are not double jeopardy challenges, and are not appropriately before this court on interlocutory review. Accordingly these claims are dismissed without prejudice.
 
 
 6
 AFFIRMED IN PART, DISMISSED IN PART.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3