**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Agustus Patrick PATTEN, Defendant–Appellant.**

No. 99–30056.

D.C. No. CR–97–00018–CCL.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided May 25, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Agustus Patrick Patten appeals pro se his jury trial conviction for two counts of being a felon in possession of a firearm and one count of making a false statement during a firearm purchase, in violation of 18 U.S.C. §§ 922(g)(1) and 922(a)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review jurisdictional and constitutional claims de novo. *United States v. Juvenile Male*, 118 F.3d 1344, 1346 (9th Cir.1997); *United States v. Mack*, 164 F.3d 467, 471 (9th Cir.1999). We affirm.

Citing to *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

(1995), Patten contends that 18 U.S.C. § 922(g)(1) violates the Commerce Clause. We have repeatedly rejected this argument, *United States v. Polanco*, 93 F.3d 555, 563 (9th Cir.1996), and do so here. *See United States v. Jones*, 231 F.3d 508, 514–15 (9th Cir.2000).

Patten contends that under Article III, federal courts lack subject matter jurisdiction to decide this case. He is incorrect. Because 18 U.S.C. § 922 is a law of the United States enacted by Congress, *see* U.S. Const. art. I, § 1, federal courts have jurisdiction over cases arising from it. U.S. Const. art. III, § 2, cl. 1; *see also United States v. Harding*, 971 F.2d 410, 412 (9th Cir.1992); *Brockman v. Merabank*, 40 F.3d 1013, 1018 (9th Cir.1994).

Patten next contends that federal firearms statutes improperly usurp Montana's sovereignty, causing the district court to lack jurisdiction. This contention lacks merit. States do not have exclusive jurisdiction over offenses having a substantial effect on interstate commerce. *See Lopez*, 514 U.S. at 558–60; *United States v. Collins*, 61 F.3d 1379, 1383–84 (9th Cir.1995). Montana may enforce its own firearms laws as well. *See United States v. Traylor*, 978 F.2d 1131, 1132 (9th Cir.1992) (per curiam); *see also Mack*, 164 F.3d at 473.

Patten contends that it violated due process to instruct the jury to presume the commerce element satisfied if they found that the firearm had previously crossed state lines. His argument is without merit, because the district court's instruction was a correct statement of the law and it did not relieve the government of its burden of persuasion. *See United States v. Casterline*, 103 F.3d 76, 77 (9th Cir.1996) (holding that the Commerce Clause is sat-

isfied if the firearm had traveled in interstate commerce at some time in the past).

Patten also asserts an equal protection violation, citing to *United States v. Pappadopoulos*, 64 F.3d 522, 527 (9th Cir.1995) and *United States v. Nukida*, 8 F.3d 665, 671 (9th Cir.1993). Patten has failed to establish an equal protection claim. *See United States v. Estrada–Plata*, 57 F.3d 757, 761 (9th Cir.1995).

AFFIRMED.