MEMORANDUM *
Jay Bernard Gillilland (“Gillilland”) appeals from the district court’s denial of his motion to withdraw his guilty plea to charges of (1) conspiracy to possess cocaine with the intent to distribute, a violation of 21 U.S.C. § 846, and (2) possession and receipt of child pornography, a violation of 18 U.S.C. § 2252. Gillilland argues that the erroneous legal advice he received from his attorney regarding his right to challenge the search warrants that led to his arrest and prosecution constituted a fair and just reason to withdraw his plea. Gillilland also contends that counsel’s advice regarding the plea constituted ineffective assistance of counsel that rendered the plea involuntary. We have jurisdiction under 28 U.S.C. §§ 1291 and 1294(1), and we affirm.
We review for an abuse of discretion the district court’s order denying a motion to *414 withdraw a guilty plea. United States v. Davis, 428 F.3d 802, 805 (9th Cir.2005); United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990). A plea withdrawal motion filed pre-sentencing may be granted if the defendant can show a “fair and just” reason for the request. Davis, 428 F.3d at 805 (quoting Fed.R.Crim.P. 11(d)(2)(B)).
The district court did not err in concluding that Gillilland failed to proffer a fair and just reason for requesting to withdraw his plea. Although erroneous or inadequate legal advice may constitute a fair and just reason to withdraw a guilty plea when it plausibly could have affected a defendant’s decision to plead guilty, see United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir.2008), the motivating factor behind Gillilland’s request to withdraw his plea was his erroneous belief that a successful direct challenge to the warrants leading to his arrest and prosecution in the federal case would somehow affect the outcome of another proceeding in state court. Here, however, accurate advice would only have informed Gillilland that any conclusions reached by the federal court would not bind the state courts. See Stephens v. Attorney Gen. of Cal., 23 F.3d 248, 249 (9th Cir.1994). Thus, Gillilland argues that, if he had not been given incorrect advice about affecting the state court outcome through a habeas proceeding, he would have instead been given different incorrect advice that would have encouraged him to try the same thing with a suppression motion instead of pleading guilty. However, in neither instance was he concerned with the outcome of his federal case. We therefore conclude that the advice he received could not have reasonably impacted Gillilland’s decision to plead guilty in the federal case. See McTiernan, 546 F.3d at 1167. Because Gillilland failed to present a fair and just reason for withdrawing his guilty plea, the district court properly denied his motion.
Gillilland also contends that his counsel’s advice regarding his plea constituted ineffective assistance of counsel that rendered the plea involuntary. We decline to address the merits of this argument. There is neither a sufficiently complete record, nor evidence of such egregiously deficient representation, to warrant departure from the general rule that ineffective assistance claims are properly raised and considered as collateral attacks under 28 U.S.C. § 2255. See United States v. Ross, 206 F.3d 896, 900 (9th Cir.2000).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.