86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Earthy D. DANIELS, Jr., Defendant-Appellant.
 No. 95-50044.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided June 3, 1996.
 
 1
 Before: HAWKINS and GOODWIN, Circuit Judges, and MARQUEZ, District Judge.[1]
 
 MEMORANDUM[2]
 BACKGROUND
 
 2
 Police stopped Appellant Daniels in a high crime area for suspicious conduct. Daniels had a gun. The State of California charged Daniels with being a felon in possession of a firearm. He pled guilty and the state sentenced him to 16 months in prison. Thereafter, the California parole office referred the case to the United States Attorney's Office because Daniels fit the criteria for a career offender under the Armed Career Criminal Act (ACCA). Initially, the Government declined prosecution pursuant to the Petite[3] policy which generally prohibits dual or successive federal prosecution, unless there is a compelling federal interest. United States Attorneys' Manual 9-2.142 (July 1, 1992). Subsequently, however, the AUSA reconsidered the case and applied for a waiver of the Petite policy.
 
 
 3
 The Government charged Daniels with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1995) and sought enhanced penalties pursuant to 18 U.S.C. § 924(e)(1) (1995).[4] Daniels met the career criminal definition of having at least three previous convictions for a violent felony or a serious drug offense, or both. He had prior convictions in state court for robbery in 1978 and 1981, and for first-degree burglary in 1978 and 1979.
 
 
 4
 A jury convicted Daniels of being a felon in possession of a firearm and the district court sentenced Daniels under the enhancement statute to 176 months imprisonment, to be followed by a five-year term of supervised release, and a special assessment of $50.00.
 
 ISSUES
 
 5
 Appellant submits that his prosecution by the United States under ACCA's enhancement provisions violates the Double Jeopardy Clause of the Constitution. Additionally, Daniels challenges his classification as a career offender because his prior California convictions for first-degree burglary do not qualify as a "violent felony" for purposes of enhanced sentencing under ACCA.
 
 STANDARD OF REVIEW
 
 6
 This Court reviews dismissal of an indictment for double jeopardy de novo. United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991); United States v. Goland, 897 F.2d 405, 408 (9th Cir.1990). It reviews de novo the district court's determination that a prior conviction under California law is a violent felony within the meaning of 18 U.S.C. 924(e). United States v. Kilgore, 7 F.3d 854, 855 (9th Cir.1993) (per curiam).
 
 DISCUSSION: LEGAL ANALYSIS
 
 7
 1. DID THE PRIOR CONVICTION IN STATE COURT CREATE A DOUBLE JEOPARDY BAR TO PROSECUTION UNDER THE ARMED CAREER CRIMINAL ACT.
 
 
 8
 The Fifth Amendment to the United States Constitution provides: "No person ... shall ... be subject for the same offense to be twice put in jeopardy of life or limb,...." This fundamental right protects against being punished twice for the same offense. It is well established, however, that the dual sovereignty doctrine limits the general rule against double jeopardy so that successive prosecutions based on the same conduct are permissible if brought by separate sovereigns. Abbate v. United States, 359 U.S. 187, 194-195 (1959). Each sovereign is separate, having independent authority to address the same subject matter. Id., at 194.
 
 
 9
 There is one restriction to the exercise of dual sovereign powers. The second prosecution may not be "merely a tool" of the former nor a "sham and a cover" for the first. Bartkus v. Illinois, 359 U.S. 121, 123-124 (1959). Such collusion creates a situation where the second prosecution brought under the guise of a separate sovereign is in truth another prosecution by the first and so subjects the defendant to double jeopardy. Cooperation between sovereigns, however, does not create a double jeopardy problem. United States v. Russotti, 717 F.2d 27, 31 (2d Cir.1983); Bartkus, 359 U.S. at 123.
 
 
 10
 Appellant argues that under the "Bartkus exception," the relevant inquiry is not limited solely to the degree of collusion between the state and federal authorities, but includes the ultimate source of power for the prosecution, meaning the offense statute: 18 U.S.C. § 924(e). Appellant contends that the legislative history surrounding ACCA establishes Congressional intent that penalty enhancement be "an aid to state prosecutors who wanted it, not a duplication of their efforts where aid was not sought." Appellant submits that sentencing enhancement cases under ACCA cannot be undertaken by federal prosecutors except when such action is requested by state prosecutors.
 
 
 11
 Appellant's legal analysis misrepresents the law pertaining to the dual sovereign doctrine and the Bartkus exception. "[T]he ultimate source of power" which determines whether two different prosecuting entities are separate sovereigns acting independently, is that power which derives from the "organic law" which established the entity. United States v. Wheeler, 435 U.S. 313, 320 (1978) (citing United States v. Lanza, 260 U.S. 377, 382 (1922)); see also Abbate, 359 U.S. at 195; Bartkus, 359 U.S. at 122-124; United States v. Traylor, 978 F.2d 1131, 1132 (9th Cir.1992), cert. denied, 507 U.S. 1056 (1993). The offense statute is relevant to the inquiry only if it prohibits dual prosecution. Here, there is no evidence that Congress intended such restraints to accompany 18 U.S.C. § 924(e). Clearly, Congress knows how to bar duplicitous prosecutions when it so intends. See, e.g., 18 U.S.C. § 659 ("A judgment of conviction or acquittal on the merits under the laws of any State shall be a bar to any prosecution under this section for the same act or acts."); see also, 18 U.S.C. § 660; 18 U.S.C. § 1992; 18 U.S.C. § 2101; 18 U.S.C. § 2117; 15 U.S.C. §§ 80a-36; and 15 U.S.C. § 1282. The presumption must be that Congress enacted the statutory language as it meant it. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992). Where there is no ambiguity in the statute, judicial inquiry, based solely on the statutory language is complete. United States v. Wicks, 833 F.2d 192, 193 (9th Cir.1987) (per curium).
 
 
 12
 2. DO THE FIRST-DEGREE CALIFORNIA BURGLARY CONVICTIONS SUFFICE AS PREDICATE CONVICTIONS UNDER THE ARMED CAREER CRIMINAL ACT
 
 
 13
 In 1978 and 1979, California's burglary statute provided:
 
 
 14
 Every person who enters any house, room, apartment, tenement, ... with intent to commit grand or petit larceny or any felony is guilty of burglary. As used in this section, "inhabited" means currently being used for dwelling purposes, whether occupied or not.
 
 
 15
 Cal.Penal Code § 459. Daniels was convicted of first-degree burglary which in 1978 was: "Every burglary of an inhabited dwelling house, ... or building committed in the nighttime." Cal.Penal Code § 460(1).
 
 
 16
 The sentencing enhancement provision, 18 U.S.C. § 924(e), requires a mandatory minimum sentence of 15 years for violations of § 922(g) for any person who has at least three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." The statute defines a violent felony as:
 
 
 17
 any crime punishable by imprisonment for a term exceeding one year, ..., that--
 
 
 18
 * * *
 
 
 19
 * * *
 
 
 20
 (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;
 
 
 21
 18 U.S.C. § 924(e)(2)(B) (emphasis added).
 
 
 22
 In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court considered the definition of burglary for purposes of enhanced sentencing under 18 U.S.C. § 924(e). The Court held the term should be uniformly defined, and not affected by the various state criminal code definitions or labels. The Court identified the basic elements of generic burglary as "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, 495 U.S. at 598-599. The Court noted that its generic definition "is practically identical" to the burglary definition contained in Congress' first sentencing-enhancement provision, 18 U.S.C.App. § 1202(c)(9) (repealed 1986): "any felony consisting of entering or remaining surreptitiously within a building that is property of another with intent to engage in conduct constituting a Federal or State offense."[5] Further cited as an example of generically defined burglary was the Model Penal Code § 221.1 (1980): "A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." Id. at 598 n. 8.
 
 
 23
 Appellant relies upon what the Supreme Court recognized in Taylor: California's burglary statute more broadly defines the crime to include consensual entries, such as where a store is open to the general public, i.e., shoplifting. The Supreme Court held, however, that although the California statute covers some conduct that would not authorize a § 924(e) enhancement, "the Government may seek enhancement on the ground that he actually committed a generic burglary." Id. at 599-600 (emphasis added).
 
 
 24
 In determining whether Daniels actually committed a burglary that satisfies the Taylor "generic burglar" standard, our approach must be categorical. Therefore, we look to the statutory definition and not to the particular facts of the crime. Id. In Taylor, the Supreme Court held that the categorical investigation could include consideration of the charging document and the jury instructions. Id. at 602.[6]
 
 
 25
 The categorical approach allows the elements of generic burglary, if not contained in the offense statute, to be found in the indictment or information and the resulting judgment. United States v. O'Neal, 937 F.2d 1369, 1373 (9th Cir.1990) (en banc).
 
 
 26
 The Informations for Daniels' 1978 and 1979 convictions charged that he did willfully and "unlawfully" enter occupied residences with the intent to commit larceny. The judgments of conviction found Daniels to be guilty of the burglaries as charged.
 
 
 27
 In 1990, this circuit considered whether a first-degree burglary conviction under § 460 of the California Penal Code was a "crime of violence" to support career offender status under § 4B1.1 and § 4B1.2 of the Sentencing Guidelines. United States v. Becker, 919 F.2d 568 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991). In Becker, the court utilized a categorical approach as established in Taylor to determine whether California's first-degree burglary statute contained the necessary elements of a "crime of violence," defined as "any felony that inherently involves 'a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.' " Id. at 571 (quoting 18 U.S.C. § 16; Sentencing Guideline 4B1.2 (1988)).
 
 
 28
 The Becker court answered affirmatively, noting that "California law does not require the entry itself be illegal," id. at 571 n. 5, but reasoned that "anytime a burglar enters a dwelling with felonious or larcenous intent there is substantial risk that he will encounter one of its lawful occupants, and use physical force against that [person]." Id. at 571. In Becker, the court focused on the risk posed by a burglary because the career offender guideline, 18 U.S.C. § 16, Guideline 4B1.2, had not yet been amended to correspond to 18 U.S.C. § 924(e)(2)(B) by including "burglary of a dwelling" as a definition per se for crime of violence. 18 U.S.C. § 16, Guideline 4B1.2 (effective November 1, 1989). Given the 1989 amendment, the Becker court's assessment of California's first degree burglary statute applies when analyzing "burglary" as "a violent felony" for purposes of sentencing enhancement.
 
 
 29
 The Becker court concluded that, "although California's first degree burglary statute does not require unlawful entry, the element had in effect been read into the statute through [its] history of prosecutions ..." United States v. Parker, 5 F.3d 1322, 1325 n. 2 (9th Cir.1993). Even if Becker and Parker mischaracterize the California burglary statute, here, Taylor's generic definition is satisfied by the charging document which provides the necessary element of unlawful entry. United States v. Williams, 47 F.3d 993, 995 (9th Cir.), cert. denied, 116 S.Ct. 144 (1995); United States v. Alvarez, 972 F.2d 1000, 1005-06 (9th Cir.1992); United States v. Dunn, 946 F.2d 615, 620 (9th Cir.), cert. denied, 502 U.S. 950 (1991); O'Neal, 937 F.2d at 1373 (9th Cir.1990).
 
 
 30
 The Appellant's conviction and sentence are AFFIRMED.
 
 
 
 [1]
 Honorable Alfredo Marquez, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 [2]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [3]
 Petite v. United States, 361 U.S. 529 (1960)
 
 
 [4]
 ACCA provides for enhanced sentences of a mandatory minimum of 15 years and a fine not less than $25,000 for violations of § 922(g)(1) by career criminals
 
 
 [5]
 In 1986, § 1202 was recodified as 18 U.S.C. § 924(e). The legislative history is silent as to the reason for deletion of the definition of burglary, Taylor, 495 U.S. at 581; it may have been simple inadvertence, Id. at 589-590
 
 
 [6]
 For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement. Taylor, at 602