**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Earthy D. DANIELS, Jr., Defendant–Appellant.**

**No. 99–55097.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 30, 1999.

Decided Oct. 21, 1999.

Michael Tanaka, Deputy Federal Public Defender, Los Angeles, California, (argued); Carlton F. Gunn, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Daniel S. Goodman, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: O'SCANNLAIN, FERNANDEZ, and T.G. NELSON, Circuit Judges.

FERNANDEZ, Circuit Judge:

Earthy D. Daniels, Jr., appeals the denial of his 28 U.S.C. § 2255 motion in which he sought to challenge the constitutionality of two state convictions, which were used in sentencing him under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). We affirm.

## BACKGROUND

Daniels was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court determined that Daniels, who had four prior convictions, was subject to the ACCA and sentenced him to imprisonment for 176 months. Daniels appealed to this court. He asserted that the district court's conclusion that his two California burglary convictions constituted predicate offenses under the ACCA was incorrect. In an unpublished disposition, we rejected that assertion. *See United States v. Daniels*, No. 95–50044, 86 F.3d 1164, 1996 WL 292231, at * 3–4 (9th Cir. June 3, 1996).

Daniels then filed a § 2255 motion to set aside, vacate or correct his federal sentence, and collaterally attacked his two California robbery convictions, which were also used to enhance his sentence. Although he claimed that he had been unconstitutionally convicted, he did not contend that he was denied the right to counsel as guaranteed by *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), in either case.

The district court denied his motion on the ground that he could not maintain that collateral attack under § 2255. He then appealed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 22 U.S.C. § 2253(a). We review denials of petitions under 28 U.S.C. § 2255 *de novo*. *See Sanchez v. United States*, 50 F.3d 1448, 1451 (9th Cir.1995).

## DISCUSSION

In *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court declared that,

except for *Gideon*[1] challenges, a defendant may not collaterally attack prior state convictions in sentencing proceedings where the ACCA is being used to enhance the sentence. The statute does not permit it. *See id.* at 490, 114 S.Ct. at 1735. The Constitution does not require it. *See id.* at 497, 114 S.Ct. at 1739. Concomitantly, ease of administration and the interest in finality argue against it. *See id.* at 496–97, 114 S.Ct. at 1738–39.

We have recognized the force of the *Custis* reasoning and have, therefore, expressly determined that it applies to sentencing proceedings in general. *See, e.g., United States v. Ricardo,* 78 F.3d 1411, 1415 (9th Cir.1996); *United States v. Price,* 51 F.3d 175, 177 (9th Cir.1995); *United States v. Alexander,* 48 F.3d 1477, 1494–95 (9th Cir.1995); *United States v. Burrows,* 36 F.3d 875, 885 (9th Cir.1994). In the same vein, we have decided that, on other than *Gideon* grounds, a defendant may not collaterally challenge a state conviction through the medium of a motion seeking dismissal of his indictment. *See United States v. Zarate–Martinez,* 133 F.3d 1194, 1199–1200 (9th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 123, 142 L.Ed.2d 99 (1998).

But, says Daniels, we have not yet decided that collateral attacks on state convictions cannot be brought under § 2255. If he were correct, we would doubt that they could be brought. Among other things, a § 2255 petition asserts that there was some error at sentencing, which must be corrected, and we know from *Custis* that there could not have been any error whatsoever. As it is, Daniels is not correct.

In *Clawson v. United States,* 52 F.3d 806 (9th Cir.1995), a defendant brought a

§ 2255 motion and asserted that his federal sentence under the ACCA "was improperly enhanced through use of a state conviction that later became nonfinal when his appeal from the state judgment was reopened, *and* was unconstitutionally obtained." *Id.* at 807 (emphasis added). We responded:

> We hold that there is no finality requirement in the version of the ACCA under which Clawson was sentenced, *and* that under *Custis,* there is no constitutional right to collaterally attack the validity of a state conviction in a federal sentencing hearing on any basis other than denial of the right to counsel....

*Id.* (emphasis added). If that were not clear enough, we returned to the topic in a case which, though not a § 2255 matter, called upon us to expatiate on *Clawson.* We explained that, in *Clawson,* "[w]e read *Custis* to bar federal habeas review of the validity of a prior conviction used for federal sentencing enhancement unless the petitioner raises a *Gideon* claim." *Contreras v. Schiltgen,* 151 F.3d 906, 907 (9th Cir.1998).

We believe that we have spoken with a good deal of clarity, but because Daniels does not find it so, perhaps others are of the same mind as he. We hesitate to leave uncertainty hovering about an issue that is so quotidian. Therefore, we restate our position here.[2]

## CONCLUSION

We return to the § 2255 locale in order to clear away any bosk that still obscures our position regarding collateral attacks on prior convictions.

---

1. *See Gideon,* 372 U.S. at 342–45, 83 S.Ct. at 795–97.

2. Incidentally, Daniels's invocation of our decision in *Brock v. Weston,* 31 F.3d 887, 889–91 (9th Cir.1994), does not alter the result. That case dealt with a 28 U.S.C. § 2254 petition, which can be a vehicle for challenging state convictions in proper circumstances. *See id.* at 890–91 & nn. 6 & 7; *see also Allen v. Oregon,* 153 F.3d 1046, 1049–50 (9th Cir. 1998); *Gretzler v. Stewart,* 112 F.3d 992, 1004–05 (9th Cir.1997), *cert. denied,* 522 U.S. 1081, 118 S.Ct. 865, 139 L.Ed.2d 763 (1998); *Price,* 51 F.3d at 177. It is not relevant to this proceeding.

In § 2255 proceedings, *Custis* bars "federal habeas review of the validity of a prior conviction used for federal sentencing enhancement unless the petitioner raises a *Gideon* claim." *Contreras,* 151 F.3d at 907.

AFFIRMED.