In the
United States Court of Appeals
For the Seventh Circuit

Nos. 00-3080 & 00-3085

Richard Dale Talbott,

Applicant,

v.

State of Indiana,

Respondent.

Applications for Leave to Commence
Successive Collateral Attacks.

Submitted August 29, 2000--Decided September 7, 2000

Before Bauer, Easterbrook, and Manion, Circuit Judges.

Easterbrook, Circuit Judge.  Richard Talbott is among the throngs of state and federal prisoners who believe that Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), undermines their sentences. Prisoners who already have filed and lost a collateral attack need this court's approval to launch another. Not one of the Apprendi-based applications for permission to file has been granted, however, and none is going to be granted in the near future, for a fundamental reason: a new decision of the Supreme Court justifies a second or successive collateral attack only if it establishes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. sec.sec. 2244(b)(2)(A), 2255 para.8(2). We held in Bennett v. United States, 119 F.3d 470 (7th Cir. 1997), that retroactive application must be declared by the Supreme Court itself. Although West v. Vaughn, 204 F.3d 53, 59-63 (3d Cir. 2000), disagrees with Bennett and holds that a decision of the Supreme Court is "retroactive to cases on collateral review" if its logic implies retroactivity under the approach of Teague v. Lane, 489 U.S. 288 (1989), we are not willing to depart from Bennett. Congress said that only new rules "made retroactive . . . by the Supreme Court" (emphasis added) support successive petitions under sec.2244(b)(2)(A) or sec.2255 para.8(2). Teague

establishes standards that guide the Supreme Court in deciding whether a decision is retroactive; sec.2244(b)(2)(A) or sec.2255 para.8(2) depart from pre-1996 law by specifying that only the Supreme Court may make that decision for purposes of successive collateral attacks. In West the third circuit confused a substantive question ("which decisions apply retroactively?") with a procedural question ("which court makes the retroactivity decision?"). Cf. Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000). Justices don't have to recite the statutory language verbatim, but the choice between prospective and retroactive application belongs to the Supreme Court rather than to the court of appeals.

Apprendi does not state that it applies retroactively to other cases on collateral review. No other decision of the Supreme Court applies Apprendi retroactively to cases on collateral review. So, given Bennett, no application based on Apprendi can be authorized under sec.2244(b)(2)(A) or sec.2255 para.8(2). Accord, United States v. Sustache-Rivera, 2000 U.S. App. Lexis 18079 (1st Cir. July 25, 2000). If the Supreme Court ultimately declares that Apprendi applies retroactively on collateral attack, we will authorize successive collateral review of cases to which Apprendi applies. Until then prisoners should hold their horses and stop wasting everyone's time with futile applications. (They are futile, not fatal under 28 U.S.C. sec.2244(b)(1). As we held in Hernandez v. United States, No. 00-3048 (7th Cir. Sept. 1, 2000), a dismissal based on the fact that a case has not been declared retroactive is without prejudice for purposes of sec.2244(b)(1).) What is more, prisoners now peppering district judges with initial collateral attacks based on Apprendi should reconsider: the itch to invoke the latest decision of the Supreme Court can be costly, because a loss will require this court's approval to launch a later collateral attack if better grounds for relief become available. Federal law allows only one round of collateral review as of right, so prisoners should choose their issues wisely.

Many of the applications we have received have serious problems in addition to Bennett. Prisoners seem to think that Apprendi reopens every sentencing issue decided by a federal court in the last generation. It does not. All Apprendi holds is that most circumstances increasing a statutory maximum sentence must be treated as elements of the offense--and, if the defendant has demanded a jury trial, this means that they must be established beyond a reasonable doubt to the jury's satisfaction. Apprendi does not affect application of the relevant-conduct rules under

the Sentencing Guidelines to sentences that fall within a statutory cap. Thus, for example, when the statutory maximum is life imprisonment, Apprendi is beside the point. United States v. Smith, No. 98-1501 (7th Cir. Aug. 17, 2000), slip op. 11-13; Hernandez, slip op. 4. When a drug dealer is sentenced to less than 20 years' imprisonment--the limit under 21 U.S.C. sec.841(b)(1)(C) for even small-scale dealing in Schedule I and II controlled substances--again Apprendi is irrelevant even if we eventually conclude, as United States v. Aguayo-Delgado, 2000 U.S. App. Lexis 17243 (8th Cir. July 18, 2000), has held, that United States v. Jackson, 207 F.3d 910, 920-21 (7th Cir. 2000), erred in concluding that the drug type-and-quantity rules of sec.841(b) are sentencing factors rather than elements of the offense. To put this otherwise, Apprendi does not affect the holding of Edwards v. United States, 523 U.S. 511 (1998), that the judge alone determines drug types and quantities when imposing sentences short of the statutory maximum. And, more to the point of Talbott's application, Apprendi does not affect the holding of Custis v. United States, 511 U.S. 485 (1994), that the validity of prior convictions is not open to reexamination at sentencing for a new offense, unless the defendant lacked counsel when convicted of the prior offenses.

Richard Talbott is serving a lengthy federal sentence for possessing ammunition despite multiple prior felony convictions. 18 U.S.C. sec.922(g)(1). See United States v. Talbott, 78 F.3d 1183 (7th Cir. 1996), decision after remand, No. 96-2712 (Feb. 13, 1997) (unpublished order). The length of the sentence, more than 22 years' imprisonment, stems from his prior felony convictions, which led to his classification as an armed career criminal under 18 U.S.C. sec.924(e). We held on Talbott's prior appeals that the sec.924(e) recidivist enhancement is proper. Talbott wants to revisit this subject, arguing that, under Apprendi, one of his prior felony convictions really should have been a misdemeanor conviction. As he interprets the state laws underlying his conviction for battery (for which he was sentenced to eight years' imprisonment), a sentence exceeding 180 days' imprisonment depends on findings that, as Talbott reads Apprendi, only a jury may make. Compare I.C. 35-50-3-3 (misdemeanor battery) with I.C. 35-42-2-1 (felony battery). Suppose this is so. Then there is a constitutional defect in the state felony conviction--but Talbott does not contend that he lacked assistance of counsel in the Indiana prosecution, so under Custis any shortcomings in the state prosecution are immaterial. When enhancing the sentences of repeat offenders, federal courts are entitled to

treat the prior convictions as what they are, rather than as what defendants say they should have been.

Perhaps Talbott believes that Custis is limited to the imposition of sentence and direct appeal, that its rule is avoidable by initiating a collateral attack on the prior conviction (which is what he appears to want) or by using sec.2255 to contest the federal sentence. But we held in Ryan v. United States, 214 F.3d 877 (7th Cir. 2000), that Custis applies to collateral attacks as well as to sentencing and direct appeals. Courts of appeals are divided on this subject, as the first paragraph in Ryan shows, and the Solicitor General has asked the Supreme Court to resolve the conflict. See United States v. Clark, 203 F.3d 358 (5th Cir. 2000), petition for certiorari filed by the United States, No. 00-122; United States v. Daniels, 195 F.3d 501 (9th Cir. 1999), petition for certiorari filed by Daniels and acquiesced in by the United States, No. 99-9136. If the Supreme Court ultimately disagrees with Ryan's understanding, and declares its new position retroactive on collateral attack, and holds Apprendi retroactive on collateral attack, then Talbott may be entitled to contest his sentencing as an armed career criminal. But while Ryan stands as the law of this circuit, Talbott cannot get to first base, and his Apprendi issue is way over at third base.

Two final observations. First, Talbott is mistaken in believing that he is entitled to wage a collateral attack in federal court directly against the Indiana sentence under 28 U.S.C. sec.2254. He is not in custody under that sentence. See Maleng v. Cook, 490 U.S. 488 (1989). His custody is federal, his ultimate objection is to the length of his federal sentence, and proceedings contesting that sentence must be under sec.2255. Indiana may or may not be willing to entertain a petition for a writ in the nature of coram nobis, but Talbott must seek that relief from the state courts. Second, in any collateral attack the proper respondent is the prisoner's custodian. "The State of Indiana," which Talbott has named as respondent, is not his custodian and is immune from suit under the eleventh amendment. The proper respondent in proceedings that do not contest current custody is the state's attorney general or the official most like a custodian. See Rule 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. But we do not deny Talbott's application for having attempted to use sec.2254 rather than sec.2255, or for having named as respondent the State of Indiana rather than the Attorney General of Indiana. Then he would just file more papers. We deny his application because, under Custis and

Ryan, the holding of Apprendi would do him no good even if it had been declared retroactively applicable on collateral attack.

We consolidate Talbott's two applications for leave to commence successive collateral attacks. Both documents, filed a day apart, make the same contentions and are best understood as a single application. That application is denied.