**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose De Jesus CASTRO–RAMIREZ,**
**Defendant–Appellant.**

**No. 00–30275.**
**D.C. No. CR–00–00058–JWS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 15, 2001.*

Decided Oct. 23, 2001.

Before REINHARDT, GRABER and BERZON, Circuit Judges.

MEMORANDUM **

Jose De Jesus Castro–Ramirez appeals his 74–month sentence imposed following a guilty plea conviction for illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Castro–Ramirez contends that the district court improperly increased his sentence because: (1) *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) overruled *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that a sentence may be enhanced based on a prior conviction that was not alleged in the indictment, admitted on the record or proved beyond a reasonable doubt); and (2) the district erred by failing to consider his collateral attack on the First Degree Rape conviction used to enhance his sentence. We disagree.

First, Castro–Ramirez's *Apprendi* argument is foreclosed by our decision in *United States v. Arellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir.2001) (concluding on de novo review, that *Apprendi* did not overrule *Almendarez–Torres*). *See also United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.), *cert. denied*, 532 U.S.

---

that prison "mailbox rule" applies to state as well as federal habeas petitions).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) (same, reviewing for plain error).

Second, the district court properly declined to consider Castro–Ramirez's collateral attack on his first degree rape conviction used to enhance his federal sentence. *See Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (prohibiting collateral attacks on prior state court convictions, unless defendant raises a *Gideon*[1] claim); *United States v. Daniels*, 195 F.3d 501, 502 (9th Cir.1999) (stating that *Custis* holding applies to sentencing proceedings in general), *aff'd*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001).

**AFFIRMED.**

---

1. *See Gideon v. Wainwright*, 372 U.S. 335, 342, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2). Accordingly, Sanchez–Marquez's motion to waive oral argument is granted.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.