**Larry Donnell BOGARD, aka Don Bogard, aka Larry Don Jr. Bogard, aka Michael R. Staten, Petitioner—Appellant,**

v.

**James E. SLADE, Respondent—Appellee.**

No. 01–55537.

D.C. No. CV–00–11017–AJW.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 27, 2001 *.

Decided Jan. 24, 2002.

Before CHOY, SKOPIL and FERGUSON, Circuit Judges.

MEMORANDUM **

Larry Donnell Bogard appeals pro se from the district court's judgment dismissing his petition as a successive 28 U.S.C. § 2255 motion. In his petition, Bogard challenged his sentence for his 1993 drug convictions on the ground that it was improperly enhanced based on an allegedly invalid 1980 bank robbery conviction. He argues that the district court erred in failing to construe his petition as a petition for a writ of error coram nobis.

I. Nature of Bogard's Petition

In its motion to dismiss Bogard's petition, the government argued that the petition should be construed as a § 2255 motion. Bogard did not contest this in his

response. Further, he argued that the district court should hold his case in abeyance until the United States Supreme Court rendered its decisions in *United States v. Daniels*, 195 F.3d 501 (9th Cir. 1999), *cert. granted*, 530 U.S. 1299, 121 S.Ct. 22, 147 L.Ed.2d 1046 (2000), and *Coss v. Lackawanna County Dist. Attorney*, 204 F.3d 453 (3d Cir.), *cert. granted*, 531 U.S. 923, 121 S.Ct. 297, 148 L.Ed.2d 238 (2000). The issue in *Daniels* was whether a prisoner may challenge his or her federal sentence through a § 2255 motion on the ground that a prior conviction that was used to enhance the federal sentence was unconstitutionally obtained. *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 1580, 149 L.Ed.2d 590 (2001). The issue in *Coss* was whether similar relief was available to state prisoners through a habeas corpus petition under 28 U.S.C. § 2254. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 1570, 149 L.Ed.2d 608 (2001).

Bogard's reliance on these cases and his failure to contest the government's argument that his petition should be construed as a § 2255 motion indicate that he intended to challenge his sentence for the 1993 drug convictions on the ground that the enhancement based on the 1980 bank robbery conviction was improper. The district court did not err in construing his petition as a § 2255 rather than as a petition for a writ of error coram nobis.

II. Successive § 2255 Motions

Because Bogard filed previous § 2255 motions challenging his sentence for the 1993 drug convictions and because he

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

failed to obtain certification of the instant motion from this court, the district court correctly ruled that it did not have jurisdiction to consider his motion.

We construe Bogard's notice of appeal to this court as a retroactive request for permission to file a successive § 2255 motion. *See, e.g., United States v. Hayden,* 255 F.3d 768, 770 n. 3 (9th Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 383, 151 L.Ed.2d 293 (2001). Bogard alleges that the transcripts of his December 15, 1980 change of plea hearing were previously unavailable to him. However, because he was present at the hearing, the facts that form the basis of his claim were either known to him at the time of the plea or could have been discovered through reasonable diligence. Therefore, the transcripts do not constitute newly discovered evidence. *See Baumann v. United States,* 692 F.2d 565, 580 (9th Cir.1982). Bogard has failed to make a prima facie showing that his petition meets the statutory requirements for filing a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(C).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

