**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-35979 |
| Plaintiff - Appellee, | D.C. Nos. 3:11-cv-06060-RBL 3:06-cr-05504-RBL-1 |
| v. | |
| CHARLES NOLON BUSH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted February 3, 2015[**]
Seattle Washington

Before: FISHER, BEA, and MURGUIA, Circuit Judges.

Charles Nolon Bush appeals the district court's denial of his 28 U.S.C. §

2255 motion to vacate, set aside, or correct his sentence. We review de novo, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we affirm. *United States v. Daniels*, 195 F.3d 501, 502 (9th Cir. 1999), *aff'd*, 532

U.S. 374 (2001).

Bush claims that his counsel rendered ineffective assistance at sentencing

when she failed to object to the Presentence Report ("PSR"). The PSR relied on

statutory maximum sentences that had increased since the time of the offense

conduct, in violation of the Ex Post Facto clause.[1] To prevail, Bush must show (1)

that "counsel's representation fell below an objective standard of reasonableness"

and (2) "a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Porter v. McCollum*, 558 U.S.

30, 38 (2009) (quoting *Strickland v. Washington*, 446 U.S. 668, 688, 694 (1986)

(internal quotation marks omitted)).

Bush cannot show a reasonable probability that, but for counsel's failure to

object to the PSR, the result of the proceeding would have been different. At

sentencing, the district court stated the intention to sentence Bush to 30 years'

imprisonment, and to allocate the time served among Bush's 27 counts of

conviction. Then, in its order denying Bush's § 2255 motion, the district court

---

[1] Bush also claims IAC because counsel did not object to the PSR's use of the wrong Sentencing Guidelines Manual on some of the counts, in violation of the *ex post facto* clause. The question whether counsel was ineffective for failing to object to the PSR on grounds that use of the Guidelines Manual violated the *ex post facto* clause was not certified, and we decline to expand the certificate of appealability.

found that "any objection would have been futile, as the Court would have simply reapportioned the sentence. Thus, Bush was not prejudiced as a result of [counsel]'s failure to object." A district court judge considering a sentence that he imposed may make findings as to his prior intention, and this court "must take such statements at face value." *United States v. Gonzales*, 765 F.2d 1393, 1397 (9th Cir. 1985). Therefore, regardless whether counsel rendered deficient performance through her failure to object to the use of inapplicable statutory maximums, Bush has not shown prejudice; i.e., a reasonable probability that his counsel's failure to object affected the result of the proceeding. **AFFIRMED.**